STATE OF NORTH CAROLINA v. GEORGE HOWARD TILLMAN

No. 7726SC931

(Filed 18 April 1978)

1. **Narcotics § 4.5— defendant as agent of drug enforcement administration—instruction on entrapment improper**

   In a prosecution for possession of heroin and possession of heroin with intent to sell, where defendant attempted to show that his possession was a legitimate part of his work with drug law enforcement, the trial court erred in instructing the jury on the defense of entrapment rather than in charging them on the lawful possession of drugs by one working for a law enforcement agency.

2. **Narcotics § 4.5— defendant as agent of drug enforcement administration—requested instruction improper**

   In a prosecution for possession of heroin and possession of heroin with intent to sell, defendant who claimed to work as an informant for the Drug Enforcement Administration and the Charlotte Police Department was not entitled to an instruction that he should be found not guilty if he "possessed heroin with the intention of making a case against someone, regardless of whether or not he had been advised to do so by the officers," but defendant was entitled to an instruction that under the provisions of G.S. 90-101(c)(5) he might lawfully possess the heroin if he were acting as an agent of an agency charged with enforcing the drug laws of this State and he were acting within the course and scope of his official duties.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 26 August 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 March 1978.

Defendant was indicted for possession of heroin and possession of heroin with intent to sell. He had been apprehended at the residence of his co-defendant, Gloria Williams, on 28 June 1977 by officers serving a search warrant on Williams. He had heroin in his possession at that time.

The defendant offered testimony that he was a paid informant for the Drug Enforcement Administration and also worked with the Charlotte Police Department and the State Bureau of Investigation. He further testified that he worked by purchasing some drugs and taking them back to the D.E.A. office where they were evaluated. If the D.E.A. approved, he would then take an undercover agent to his source to make another purchase. He asserted that the heroin in his possession had been purchased by

him for delivery to the D.E.A. and that shortly before his arrest he had attempted to call the D.E.A. in Phoenix and in Greensboro but had been unable to reach his contact at either office.

A Charlotte police officer and two employees of the Drug Enforcement Administration testified that defendant was, indeed, an informant whose testimony had been used in several drug trials. The two men from the D.E.A. testified that other field offices, including those in Washington, Phoenix and Philadelphia, had employed defendant's services in connection with the traffic in illegal drugs. One of the agents admitted that he had paid defendant $300.00 just four days prior to his arrest on the present charge. Both of the agents testified that they had never authorized defendant to possess or sell heroin when not accompanied by a D.E.A. employee.

Defendant was found guilty of possession of heroin with intent to sell it. He was sentenced to eight to ten years in prison.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Harkey, Faggart, Coira & Fletcher, by Philip D. Lambeth, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant brings forward one assignment of error. He contends that the court erred in instructing the jury on the defense of entrapment rather than in charging them on the lawful possession of drugs by one working for a law enforcement agency. We agree. There is no evidence of entrapment in this case. Before a court should instruct a jury concerning the defense of entrapment, there must be some evidence to support the contention that the defendant's criminal intent was formed by him only after such persuasion or inducement or trickery that except for such persuasion or trickery he would not have committed the crime. *State v. Burnette*, 242 N.C. 164, 87 S.E. 2d 191, 52 A.L.R. 2d 1181 (1955); *see State v. Stanley*, 288 N.C. 19, 215 S.E. 2d 589 (1975). In this case defendant alleged and offered evidence to prove that he had no criminal intent at all, not that his criminal intent was formulated at the insistence of some law enforcement official. He attempted to show that his possession was a legitimate part of his work with drug law enforcement.

In addition to showing that an instruction was erroneously given, the defendant must show that the instructions as given materially prejudiced him. *Garland v. Penegar*, 235 N.C. 517, 70 S.E. 2d 486 (1952). The record shows such prejudice. Defendant had admitted possession of the heroin. He had offered evidence attempting to show that his possession was lawful. An entrapment defense excuses otherwise *unlawful* possession. Since the challenged charge on entrapment was the only instruction given on lawful possession, the jury could only have understood that unless defendant were entrapped (with no evidence that he was), he could not have been in lawful possession of the drug.

[2]　Defendant also asked for an instruction that he should be found not guilty if he "possessed heroin with the intention of making a case against someone, regardless of whether or not he had been advised to do so by the officers." The requested instruction was clearly incorrect. Defendant was, however, entitled to an instruction that under the provisions of G.S. 90-101(c)(5) he might lawfully possess the heroin if he were acting as an agent of an agency charged with enforcing the drug laws of this State and he were acting within the course and scope of his official duties. There is some evidence, however dubious, that he was an agent of the Drug Enforcement Administration and the Charlotte Police Department. Whether he was such an agent and was acting within the course and scope of his duties at the time of his arrest is a question for the jury to decide upon proper instructions from the court.

New trial.

Judges PARKER and WEBB concur.