STATE OF NORTH CAROLINA v. VINCENT BRADY ALLEN, DEFENDANT

No. 8820SC458

(Filed 6 December 1988)

**1. Rape and Allied Offenses § 4.1— first degree rape of nine-year-old—evidence of other sexual acts against victim admissible**

In a prosecution of defendant for first degree rape of a nine-year-old girl and taking indecent liberties with a child, evidence of other sexual acts committed by defendant against the victim was clearly admissible under Rule 404(b) of the N.C. Rules of Evidence to show motive, opportunity, intent, plan, or identity.

**2. Criminal Law § 99.6— rape of child—trial court's questions of eleven-year-old for clarification—no expression of opinion**

The trial judge's questions to an eleven-year-old rape and indecent liberties victim were asked merely to clarify the child's answers and in no way amounted to an expression of opinion as to the witness's credibility or defendant's guilt.

**3. Criminal Law § 99.4— questions as to prosecuting witness's prior inconsistent statement—court's rulings not expression of opinion**

There was no merit to defendant's contention that nine rulings of the trial court sustaining the State's objections to questions propounded to the prosecuting witness concerning her prior statements gave the jury the impression that whether the witness had made prior inconsistent statements under oath was unimportant, since it was the duty of the trial court to supervise and control the trial to prevent injustice to either party.

**4. Criminal Law § 114.3— reference to prosecuting witness as victim—instructions not prejudicial**

Defendant in a rape case failed to show any material prejudice where the trial judge referred to the prosecuting witness as a "victim" in his charge to the jury.

**5. Rape and Allied Offenses § 5— evidence as to vaginal intercourse—sufficiency of child's testimony**

Though the eleven-year-old prosecuting witness did not identify with scientific accuracy the portions of her anatomy and that of defendant involved in the assault, her testimony was nevertheless sufficient to prove vaginal intercourse.

**6. Rape and Allied Offenses § 19— taking indecent liberties with child—sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for taking indecent liberties with a child.

**7. Criminal Law § 117.1— prior inconsistent statements—instructions proper**

The trial court's instructions with regard to prior inconsistent statements were proper.

APPEAL by defendant from *Briggs, Judge.* Judgment entered 9 December 1987 in Superior Court, ANSON County. Heard in the Court of Appeals 2 November 1988.

Defendant was charged in proper bills of indictment with the first degree rape of a nine-year-old girl, in violation of G.S. 14-27.2(a)(1), and with taking indecent liberties with a child in violation of G.S. 14-202.1. Defendant was found guilty as charged. From judgments imposing sentences of life imprisonment for first degree rape and three years imprisonment for taking indecent liberties with a child, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas G. Meacham, Jr., for the State.*

*Henry T. Drake for defendant, appellant.*

HEDRICK, Chief Judge.

By his first argument, defendant contends the "court erred in admitting testimony as to alleged criminal conduct by the defendant without any limitations as to time and place, and by failing to instruct the jury on corroborative evidence and failure to instruct the jury that in order to convict the defendant of first degree rape the jury must believe the events occurred on August 29, 1986, after being requested to do so."

[1] Evidence of other sexual acts committed by defendant against the victim is clearly admissible under Rule 404 of the North Carolina Rules of Evidence. Rule 404(b) allows the admission of evidence of other crimes, wrongs or acts to show motive, opportunity, intent, plan or identity. *See* G.S. 8C-1, Rule 404(b); *State v. Gordon*, 316 N.C. 497, 342 S.E. 2d 509 (1986). Our Supreme Court has stated that "North Carolina is quite liberal in admitting evidence of other sex offenses when those offenses involve the same victim as the victim in the crime for which the de-

fendant is on trial." *State v. Miller*, 321 N.C. 445, 454, 364 S.E. 2d 387, 392 (1988). Assuming *arguendo* the court in the present case committed error in not giving the instructions requested by defendant with respect to "corroborative evidence," such error was not prejudicial because the evidence clearly shows that defendant engaged in sexual acts with the child on more than one occasion, the last time occurring on Friday, 29 August 1986, two days after she started school. The State focused the child's testimony on the last incident and made it clear defendant was charged for committing the act on 29 August 1986. Also, the jury was charged solely as to the last incident. We find no possible prejudicial error; therefore, these assignments of error have no merit.

[2]   By Assignment of Error No. 3, defendant contends the trial court "erred and commented on the evidence by the Court's Direct Examination of the prosecuting witness." The trial judge may direct questions to a witness for the purpose of clarifying his testimony and promoting a better understanding of it. *State v. Fuller*, 48 N.C. App. 418, 268 S.E. 2d 879, *disc. rev. denied*, 301 N.C. 403, 273 S.E. 2d 448 (1980). Such questions are not expressions of opinions "unless a jury could reasonably infer that the questions intimated the court's opinion as to the witness' credibility, the defendant's guilt, or as to a factual controversy to be resolved by the jury." *State v. Yellorday*, 297 N.C. 574, 581, 256 S.E. 2d 205, 210 (1979).

The prosecuting witness in this case was eleven years old at the time of trial. The questions asked the child by the judge and objected to by defendant were asked merely to clarify the child's answers. The record clearly reveals that the victim was confused by questions of both the district attorney and the defendant's attorney. In each instance the judge questioned the victim in an attempt to clear up her confusing testimony. These questions propounded by the judge in no way expressed any opinion as to the witness' credibility, the defendant's guilt, or as to a factual controversy that was to be resolved by the jury. This assignment of error is meritless.

[3]   Defendant next contends that the court "erred and thereby commented on the evidence in sustaining objections to questions concerning prior statements given under oath." Defendant takes exception to nine rulings of the trial court sustaining the State's

objections to questions propounded to the prosecuting witness during cross-examination and recross-examination. Defendant takes exception to these rulings, not because the evidence elicited by the testimony was incompetent but because he contends the trial court's rulings gave the jury the impression that whether the witness had made prior inconsistent statements under oath was unimportant.

Our Supreme Court stated in *State v. McDougall*, 308 N.C. 1, 22, 301 S.E. 2d 308, 321, *cert. denied*, 464 U.S. 865 (1983):

> It is the duty of the trial judge to supervise and control the trial to prevent injustice to either party. *Greer v. Whittington*, 251 N.C. 630, 111 S.E. 2d 912 (1960). The court has the power and duty to control the examination and cross-examination of the witnesses. *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973); *Greer, supra*. The trial judge may ban unduly repetitious and argumentative questions as well as inquiry into matters of tenuous relevance. *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980); *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971), *cert. denied*, 414 U.S. 874 (1973).

This assignment of error is overruled.

[4]  Defendant next contends the trial judge commented on the evidence by twice referring to the prosecuting witness as a "victim" in his charge to the jury. This argument is devoid of merit.

By his use of the term "victim," the trial judge was not intimating that defendant had committed any crime. The judge properly instructed the jury that it had to find that defendant committed all the elements of the offenses charged before they could find defendant guilty, regardless of whether the child was referred to as the "victim," the prosecuting witness, or by any other term. In order for defendant to be entitled to a new trial, he must show not only that an instruction was erroneously given, but also that the instructions as given materially prejudiced him. *State v. Tillman*, 36 N.C. App. 141, 242 S.E. 2d 898 (1978). Assuming *arguendo* that the instructions were erroneous, defendant has not shown any material prejudice.

[5]  By Assignment of Error No. 4, defendant contends the court erred in failing to dismiss the charge of first degree rape. Defend-

ant argues the victim's testimony was insufficient to prove vaginal intercourse.

On direct examination the victim testified as follows:

Q. And when you went back to the room, what happened?

A. Vincent Allen put his private parts in my private parts.

MR. DRAKE: Motion to strike.

COURT: Motion denied.

Q. When you are talking about his private part, do you have any other name for that?

A. Yes.

Q. What other name do you have for it?

A. Penis.

Q. And when you're talking about your private parts, what do you mean by that?

A. (No verbal response)

Q. Could you point to your private parts? Could you just stand up and point to that area for us?

A. Yes.

Q. Would you stand up and do that for us, please?

(Witness complies.)

A. Down between my legs.

Q. And what did he do with your private parts?

A. (No verbal response)

Q. Is that where you use the bathroom?

A. Yes.

Q. Were you standing up or were you sitting or what? How were you positioned?

MR. DRAKE: Objection.

COURT: Overruled.

A. Are you talking about the last time?

Q. Yes.

A. Laying down.

 MR. DRAKE: Move to strike.

 COURT: Motion denied.

Q. And after you say Vincent Allen put his private parts into your private parts, what did he do then?

A. Moved me back and forth.

It is well-settled that the State's evidence will not be held deficient simply because a child witness, who is the victim of a sexual offense, does not "identify with scientific accuracy the portions of her anatomy and that of the defendant involved in the assault. . . ." *State v. Shaw*, 293 N.C. 616, 622, 239 S.E. 2d 439, 443 (1977) (*overruled on other grounds*, 306 N.C. 629, 295 S.E. 2d 375 (1982)). The evidence in the present case, when viewed in the light most favorable to the State, is clearly sufficient to support the charge of first degree rape.

[6] Defendant next contends by Assignment of Error No. 5 that the court erred in failing to dismiss the charge of taking indecent liberties with a child. In his two-sentence argument, defendant contends "that the statements by the prosecuting witness were so fraught with inconsistencies as to times, places and dates as to constitute a fatal variance between the allegations and proof." Defendant fails to identify the inconsistencies or the variance of the allegations and the proof which he argues to be fatal.

The indictment for the charge in question alleged that defendant committed the offense on 29 August 1986 and further states:

 The defendant . . . unlawfully, willfully and feloniously did take immoral, improper, and indecent liberties with [the victim], a female child of less than sixteen years of age, for the purpose of arousing or gratifying sexual desire, and the said Vincent Brady Allen, being a male person more than sixteen years of age and more than five years older than the said [victim].

Evidence of the age of both the victim and defendant was presented at trial. The victim testified as to the date of the offense as discussed earlier, and she also testified that defendant "put his private parts in my private parts." There is plenary evidence in the record as to each of the essential elements of the offense of taking indecent liberties with a child. We note that these elements are different from the essential elements of first degree rape, and therefore taking indecent liberties with a child is not a lesser included offense of first degree rape. Thus, defendant's conviction of first degree rape will not preclude his conviction of this offense. *See State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982) (*overruling State v. Shaw*, 293 N.C. 616, 239 S.E. 2d 439 (1977)). This assignment of error is without merit.

[7] Defendant last contends the trial court erred in failing to instruct the jury "that prior statements made under oath are to be considered as true, and if the jury cannot determine if the prior statement under oath is consistent with statements under oath at this trial, they must find the defendant not guilty."

The law is well-settled in North Carolina that prior inconsistent statements are not admissible as substantive evidence, "but may be introduced for the jury's consideration in determining the witness's credibility." *State v. Erby*, 56 N.C. App. 358, 361, 289 S.E. 2d 86, 88 (1982). We have reviewed the instructions given in the present case in light of defendant's arguments and find them to be fair, complete and adequate in all respects.

Defendant had a fair trial free from prejudicial error.

No error.

Judges JOHNSON and PARKER concur.