STATE v. BAKER

[106 N.C. App. 687 (1992)]

STATE OF NORTH CAROLINA v. ALLISON BAKER, DEFENDANT/APPELLANT

No. 9114SC702

(Filed 7 July 1992)

**Evidence and Witnesses § 2330 (NCI4th)— indecent liberties—**
**touching—evidence of penetration—irrelevant and prejudicial**

There was prejudicial error in a prosecution for taking indecent liberties with a child where the child testified that defendant had rubbed her private part on the outside of her clothing and the court admitted expert testimony and illustrative photographs indicating that the victim had been penetrated. That evidence was not relevant and was prejudicial in that it made the victim's allegation more plausible.

**Am Jur 2d, Evidence § 260.**

APPEAL by defendant from judgment entered 21 February 1991 by *Judge A. M. Brannon* in DURHAM County Superior Court. Heard in the Court of Appeals 8 April 1992.

Defendant was indicted and convicted of taking indecent liberties with a child. He was sentenced to five years imprisonment with the North Carolina Department of Correction. The sentence was suspended and defendant was placed on five years supervised probation.

The victim is an eight year old girl. Because of her youth and the nature of the offense charged, we refer to her here only as the "victim."

Briefly stated, the State's evidence tends to show the following: When the victim was in kindergarten and first grade, she rode to school on a school bus which her mother drove. The two would leave their home around 5:00 a.m. and would stop at a convenience store (Four Points) so that her mother could get some coffee before picking up other children. Four Points is a small store with interior dimensions of approximately thirty feet by thirty feet. Usually, when the victim and her mother arrived at Four Points, there were several people in the store, including the defendant. Routinely, the victim's mother would walk over to the coffee machine, get some coffee and walk to the cash register. While her mother got coffee, the victim was free to roam the store, and often played

with the defendant, a forty-five year old man at the time of the trial.

On 12 February 1990 the victim told her mother that the defendant had "messed with [her] private part." The victim's mother told her husband. The next morning she made an appointment to have the victim examined at UNC Memorial Hospital in Chapel Hill. The morning after the examination, the victim's mother called the Durham County Sheriff's Department and reported the incident. The victim was also taken to see a psychologist.

At trial the victim testified that she often played with the defendant in the Four Points store, and that she sometimes sat on his lap. She also testified that on "more than one" occasion while she was in kindergarten and first grade the defendant "rubbed [her] private part" with his hand while she was seated on his lap. The victim testified that she always had her clothes on but the defendant used his hand and "felt under [the victim's] skirt, but not inside [her] panties."

At trial, several expert witnesses (Dr. Desmond Runyan, Janet Hadler, and Dr. Bonnie Gregory) testified for the State concerning the alleged sexual abuse of the victim. Dr. Runyan, an expert in the field of pediatrics and child sexual abuse testified that he examined the victim. During his examination, Dr. Runyan performed a colposcopic examination of the victim. That examination revealed that the victim's vaginal opening was six millimeters and that her hymen was irregular, notched and changed in shape. Dr. Runyan testified that in his opinion, this evidence indicated that the victim had been penetrated. Photographs taken during the colposcopic examination were introduced into evidence to illustrate Dr. Runyan's testimony.

Ms. Hadler, a social work clinical specialist then working as a consultant to the statewide Child Medical Evaluation Program, testified as an expert in the field of child sexual abuse. She testified that she interviewed the victim prior to Dr. Runyan's examination. Ms. Hadler used anatomically correct dolls to elicit information from the victim concerning the alleged sexual abuse. The victim used a doll and told Ms. Hadler that the defendant rubbed his hand on the outside of her panties. Ms. Hadler also testified that the physical examination performed by Dr. Runyan "indicated that more happened in terms of the exact sexual contact than what

[the victim] was telling [her]." The examination "indicated that [the victim] had actually been penetrat[ed]."

The defendant testified at trial. He denied molesting the victim and specifically denied placing his hands on or near the victim's "private parts."

From judgment entered, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Valerie L. Bateman, for the State.*

*Cheshire, Parker, Hughes & Manning, by George B. Currin, for defendant-appellant.*

EAGLES, Judge.

Defendant argues *inter alia* that the trial court erred to his prejudice by allowing evidence to be admitted which indicated that the victim had been sexually penetrated. Based on controlling precedent, we agree.

Initially, we note that the State argues that the defendant waived this argument by failing to properly object at trial. However, because we find this evidence was highly prejudicial here and that it affected substantial rights of the defendant, we hold that the interests of justice require us to review its admission for possible error. N.C.R. Evid. 103(d); *see, e.g., State v. Fearing*, 315 N.C. 167, 172, 337 S.E.2d 551, 554 (1985).

Our decision is controlled by our Supreme Court's holding in *State v. Ollis*, 318 N.C. 370, 348 S.E.2d 777 (1986). In *Ollis*, the defendant was convicted of first-degree rape and first-degree sexual offense (cunnilingus) involving a female child, who was ten years old at the time of trial. *Id.* at 371, 348 S.E.2d at 777-78. During the trial a physician who examined the victim was allowed to testify concerning physical findings he made during his examination of the victim. *Id.* at 375, 348 S.E.2d at 780-81. Those findings tended to establish that the victim had been sexually penetrated. On appeal the defendant argued *inter alia* that he was prejudiced by admission of this evidence because the trial court denied his request to cross-examine the victim about her being raped by another man. *Id.* at 374, 348 S.E.2d at 780. While the trial court did allow other witnesses to testify that the victim had said that she had been raped by two men, the trial judge limited the jury's considera-

tion of their testimony to corroboration of the victim. *Id.* at 375, 348 S.E.2d at 780. No substantive evidence of the rape by the second man was admitted. *Id.* After determining that the trial court erred by not allowing the defendant to present evidence of the other rape because it would tend to explain the physician's findings, the Supreme Court addressed the penetration evidence as it related to the defendant's conviction for first-degree sexual offense. The Court explained:

> Although the evidence of an alternative source of the physical condition possibly resulting from rape was irrelevant to the sexual offense charge, we also are not convinced that under the circumstances its exclusion was harmless. *If the sexual offense charge had been tried separately, the physician's testimony would not have been relevant,* and the evidence regarding rape of the victim by another man as an alternative explanation for the victim's physical condition also would have been irrelevant. Because the two offenses were tried together, however, the enhancing character of the doctor's evidence, appearing as it did to corroborate the victim's testimony that she was penetrated, in turn enhanced the credibility of the witness regarding a second sexual offense by the defendant. For that reason we also find that the error was prejudicial to the defendant's defense against the charge of first-degree sexual offense.

*Id.* at 377-78, 348 S.E.2d at 782 (emphasis added). The Court reversed both convictions and ordered a new trial. *Id.* at 378, 348 S.E.2d at 782.

In the instant case, as in *Ollis*, the defendant was charged with an offense which may involve sexual penetration, but does not require sexual penetration. *See State v. Slone*, 76 N.C. App. 628, 334 S.E.2d 78 (1985) (defendant guilty of taking indecent liberties where he rubbed the victim's genitalia); *State v. Allen*, 92 N.C. App. 168, 374 S.E.2d 119 (1988), *cert. denied*, 324 N.C. 544, 380 S.E.2d 772 (1989) (defendant guilty of taking indecent liberties where he penetrated the victim's genitalia); and *State v. DeLeonardo*, 315 N.C. 762, 340 S.E.2d 350 (1986) (acts constituting sexual offense include: cunnilingus, fellatio, analingus, anal intercourse, and any penetration, however slight, by any object into the genital or anal opening of another person's body). Likewise, here as in *Ollis*, the acts testified to by the victim and allegedly committed by the

defendant did not include sexual penetration. Rather, here the victim testified only that the defendant "rubbed [her] private part" on the "[o]utside" of her clothing. Accordingly, under the holding of *Ollis*, the penetration testimony of Dr. Runyan and Ms. Hadler, as well as the photographs of the victim's genitalia which tended to show that the victim had been penetrated, were not relevant to the crime the defendant allegedly committed. Moreover, we believe that the penetration evidence impermissibly expanded and enhanced the victim's testimony. The introduction of irrelevant evidence of a second uncharged sexual offense made more plausible the victim's allegation that the defendant had taken an indecent liberty with her by touching her private parts. Based on the record before us, we are unable to hold that the jury would not have had a reasonable doubt as to the defendant's guilt if this irrelevant evidence had not been admitted.

We do not reach defendant's remaining assignments because they are not likely to arise on remand.

Reversed and remanded for a new trial.

Judges ARNOLD and WELLS concur.