STATE OF NORTH CAROLINA v. ALLISON BAKER

No. 269PA92

(Filed 12 February 1993)

**Evidence and Witnesses § 2330 (NCI4th)— indecent liberties— evidence of penetration—admissible**

The trial court did not err in a prosecution for taking indecent liberties by admitting medical opinion evidence that the victim had been penetrated even though the child's testimony did not mention penetration. The offense of taking indecent liberties with a minor may involve but does not require sexual penetration. The fact that evidence of penetration would also support the uncharged offense of rape or sexual offense does not affect its relevance to the charge of taking indecent liberties with a minor. Language in *State v. Ollis,* 318 N.C. 370, upon which the Court of Appeals relied in erroneously reversing the trial court, is confined to the facts of the case.

**Am Jur 2d, Evidence § 251.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision by the Court of Appeals, 106 N.C. App. 687, 418 S.E.2d 288 (1992), reversing a judgment entered by Brannon, J., at the 11 February 1991 session of Superior Court, Durham County. Heard in the Supreme Court 12 January 1993.

STATE v. BAKER

[333 N.C. 325 (1993)]

*Lacy H. Thornburg, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State-appellant.*

*Currin & Boyce, by George B. Currin and Mary C. Boyce, for defendant-appellee.*

WHICHARD, Justice.

Defendant was indicted and convicted for taking indecent liberties with a minor, given a five-year suspended sentence, and placed on special probation for five years. In addition, he was ordered to pay restitution of court costs and all past and future medical expenses of the victim arising from the case. The Court of Appeals reversed and remanded the case for a new trial. We reverse.

For approximately two years, from when the victim was in kindergarten until January 1990, the victim's mother, accompanied by the victim, regularly stopped for a cup of coffee at Four Points convenience store before running her morning school bus route. Defendant also habitually patronized the store at that hour and became friendly with the victim.

On 12 February 1990 the victim, then a first-grader, told her mother that defendant had been "mess[ing] with [her] private part" since she was in kindergarten. The child subsequently testified that defendant had touched her outside her clothes and had "rubbed [her] private part" with his hand outside her underpants. The child stated that the touching had occurred in the store over the course of two years and that her mother had always been in the store with her. The child testified that defendant touched her while he was sitting on a drink crate and she was sitting on his lap.

A pediatrician from the University of North Carolina Hospital examined the victim with a colposcope, a magnifying lens with a light source, which revealed that the child's vaginal opening was six millimeters. The child's hymen was notched and changed in shape. Two photographs taken through the colposcope were shown to the jury. The pediatrician stated that the normal vaginal opening for a pre-pubescent child over five years of age is four to six millimeters. The fact that this child's vaginal opening was "right on the edge of what we consider acceptable," together with the irregular shape of the hymen, led the physician to state that "the feeling was that there was evidence that she had been penetrated."

STATE v. BAKER

[333 N.C. 325 (1993)]

A social worker who interviewed the child prior to her medical examination testified, in part, that "the physical exam indicated that more happened in terms of the exact sexual contact than what she was telling [the interviewer]." On cross-examination, defendant's counsel asked whether, "[w]ith her pants on, she could not have suffered at the hands of [defendant] with these notches on the hymenal ring if she had her pants on, could she?" The social worker responded, "That's why [we thought] there was more involved in the sexual contact . . . ." The witness stated her belief that, based on "the discrepancy between the physical findings and what the child [told her in their single interview,] . . . there was more involved in the sexual contact than what this child was stating." The social worker opined "that when [the child] said that her pants were on, her panties were on and he was rubbing her on the outside of her panties . . . [but that] there were also probably some other things that occurred that she was not telling me."

Defendant testified he was friendly with the victim, that he had bought her candy and that she had sat on his lap, but he denied having molested her. Two store clerks and a customer who had seen defendant interact with the child testified that, like the child's mother, they had never seen defendant molest the child.

The Court of Appeals concluded that the trial court erred to defendant's prejudice by allowing evidence to be admitted that indicated the victim had been sexually penetrated. It found controlling this Court's decision in State v. Ollis, 318 N.C. 370, 348 S.E.2d 777 (1986).

In Ollis the defendant was charged with first-degree rape of and first-degree sexual offense (cunnilingus) upon a ten-year-old girl. The child testified as to these offenses, but did not mention in her testimony that anyone other than defendant had sexually abused her. A physician testified as to the results of his physical examination of the child, which supported his opinion that the child "did receive or has been the object of inappropriate physical and sexual abuse." Id. at 375, 348 S.E.2d at 781. The physician recounted the child's statement during the course of the examination that two men had had sexual relations with her. Id. at 375, 348 S.E.2d at 780. A social worker who interviewed the child also testified that the child told her two men had raped her. The trial court limited the jury's consideration of this testimony to corroboration of the victim's testimony.

Defendant argued that the trial court erred in disallowing cross-examination of the victim regarding instances of rape committed by the defendant's adult son. This Court agreed, holding that such testimony was admissible under Rule 412(b)(2), which provides: "the sexual behavior of the complainant [in a rape or sexual offense case] is irrelevant to any issue in the prosecution unless such behavior: . . . (2) [i]s evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant." N.C.G.S. § 8C-1, Rule 412(b)(2) (1986). This Court concluded that the failure to admit for substantive purposes evidence relevant to a defense on the rape charge prejudiced defendant. It continued:

> Although the evidence of an alternative source of the physical condition possibly resulting from rape was irrelevant to the sexual offense charge, we also are not convinced that under the circumstances its exclusion was harmless. If the sexual offense charge had been tried separately, the physician's testimony would not have been relevant, and the evidence regarding rape of the victim by another man as an alternative explanation for the victim's physical condition also would have been irrelevant. Because the two offenses were tried together, however, the enhancing character of the doctor's evidence, appearing as it did to corroborate the victim's testimony that she was penetrated, in turn enhanced the credibility of the witness regarding a second sexual offense by the defendant. For that reason we also find that the error was prejudicial to the defendant's defense against the charge of first-degree sexual offense.

*State v. Ollis*, 318 N.C. 370, 377-78, 348 S.E.2d 777, 782.

Quoting this passage from *Ollis*, the Court of Appeals concluded that the photographs and the penetration testimony of the physician and social worker in this case were not relevant to the crime with which defendant had been charged and convicted, and that the admission of that testimony prejudiced defendant: "The introduction of irrelevant evidence of a second uncharged sexual offense made more plausible the victim's allegation that the defendant had taken an indecent liberty with her by touching her private parts." *State v. Baker*, 106 N.C. App. 687, 691, 418 S.E.2d 288, 291 (1992). Viewing the record as a whole, the Court of Appeals

STATE v. BAKER

[333 N.C. 325 (1993)]

was unable to hold that the jury would have found defendant guilty beyond a reasonable doubt had this evidence not been admitted.

The State argues that the Court of Appeals incorrectly characterized opinion testimony that the child had been sexually penetrated as "irrelevant evidence of a second uncharged sexual offense." *Id.* at 691, 418 S.E.2d at 291. We agree with the State that the absence of other evidence of sexual penetration does not render the physician's and social worker's opinion testimony irrelevant.

Although penetration is an element of first- and second-degree sexual offense and of first- and second-degree rape, *see* N.C.G.S. §§ 14-27.1, -27.2, -27.3, -27.4, -27.5 (1986), it is not an element of the offense of taking indecent liberties with children, N.C.G.S. § 14-202.1 (1986). This last statute provides, in pertinent part:

> A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
>> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>>
>> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C.G.S. § 14-202.1(a) (1986).

Nevertheless, as the Court of Appeals correctly observed, the offense of taking indecent liberties with a minor "may involve sexual penetration, but does not require sexual penetration." *State v. Baker*, 106 N.C. App. at 690, 418 S.E.2d at 290. *See, e.g., State v. Etheridge*, 319 N.C. 34, 49, 352 S.E.2d 673, 682 (1987) (penetration of the victim one of several sequential events which could be found to have been performed for the defendant's gratification); *State v. Allen*, 92 N.C. App. 168, 374 S.E.2d 119 (1988) (separate elements of indecent liberties and rape proved from same, single offense), *cert. denied*, 324 N.C. 544, 380 S.E.2d 772 (1989). A broad variety of acts may be considered indecent and may be performed to provide sexual gratification to the actor. *State v. Etheridge*, 319 N.C.

at 49, 352 S.E.2d at 682. Genital, vaginal or anal penetration is obviously included in the statutory proscription against "tak[ing] . . . an[ ] immoral, improper, or indecent libert[y] with a[ ] child," N.C.G.S. § 14-202.1(a)(1), or "committing . . . a[ ] lewd or lascivious act upon . . . any part . . . of the body of any child," N.C.G.S. § 14-202.1(a)(2).

That evidence of penetration would also support the uncharged offense of rape or sexual offense does not affect its relevance to the charge of taking indecent liberties with a minor. Evidence of other criminal offenses is admissible if it tends to prove any relevant fact, other than the defendant's character or propensity for committing the types of offenses charged. Such evidence may not be excluded merely because it also shows the defendant to have been guilty of another crime. 1 Henry Brandis, Jr., *Brandis on North Carolina Evidence* § 91 (3d ed. 1988); *e.g., State v. Cotton*, 318 N.C. 663, 665, 351 S.E.2d 277, 278 (1987) (statement codified as N.C. R. Evid. 404(b) ).

In this case, evidence of penetration, although unmentioned in the child's testimony, was relevant evidence supporting the charge of taking indecent liberties with a minor.

The Court of Appeals' reliance on *State v. Ollis*, 318 N.C. 370, 348 S.E.2d 777, is misplaced, for, properly viewed, the language upon which the appellate court relies is confined to the facts of that case. In *Ollis* this Court, hypothetically considering the sexual offense as if it had been prosecuted separately from the rape, evidently presumed that penetration resulting in hymen damage was not relevant to cunnilingus. This presumption is patently not applicable to all other sexual offenses: depending on the sexual act committed, evidence of such damage may well be relevant. Sex offense is defined as "engag[ing] in a sexual act." N.C.G.S. §§ 14-27.4, -27.5 (1986). The definition of a "sexual act" explicitly includes penetration which could result in damage to the victim's hymen:

"Sexual act" means cunnilingus, fellatio, an[i]lingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body . . . .

N.C.G.S. § 14-27.1(4) (1986).

Plainly, this Court's language in *Ollis* was not intended to apply to any and all cases of sexual offense, nor does it apply in this case. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1986). We hold that medical opinion evidence that the vagina of the victim in this case had been penetrated was relevant to the charge of taking indecent liberties with a child, even though the child's testimony did not mention penetration. Accordingly, we reverse the decision of the Court of Appeals reversing the judgment of the trial court.

We allow defendant's motion for remand to the Court of Appeals for consideration of assignments of error not previously considered by that court.

REVERSED AND REMANDED.