

## NUMBER 13-10-00654-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

SEAN ANDERSON,                                                   **Appellant,**

**v.**

THE STATE OF TEXAS,                                               **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Sean Anderson, was convicted by a jury of three counts of sexual assault, *see* TEX. PENAL CODE ANN. § 22.011 (West 2011), and one count of unauthorized use of a motor vehicle, *see id.* § 31.07 (West 2011). Pursuant to a finding of "true" to the State's enhancement allegation, the trial court sentenced Anderson to life imprisonment for each count of sexual assault. *See id.* § 12.42(c)(2)(B)(v) (West Supp.

2011) (requiring that a defendant receive a life sentence if he is convicted of sexual assault and has previously been convicted "under the laws of another state containing elements that are substantially similar to the elements" of, among other Texas crimes, continuous sexual abuse of a young child or children, indecency with a child, sexual assault, or aggravated sexual assault). Anderson received a two-year sentence for the unauthorized use of a motor vehicle charge. The sentences were ordered to run concurrently. By four issues, which we have reorganized, Anderson contends that the trial court: (1) denied his trial counsel the opportunity to impeach a witness's testimony; (2) commented on the weight of the evidence by providing a definition in the jury charge of "penetration" and "reasonable doubt"; and (3) improperly assessed a punishment of life imprisonment pursuant to section 12.42 of the penal code. *See id.* We affirm.

## I. IMPEACHMENT[1]

By his first issue, Anderson contends that the trial court improperly denied his trial counsel's attempt to impeach the testimony of the State's witness, Detective Darrell Johnson. Anderson alleges that during his testimony, Detective Johnson "attempted to bolster the [S]tate's case by exaggerating what the witnesses told him."

During the trial, Detective Johnson stated on direct-examination that J.K. believed that Anderson had sexually assaulted her when she was "unconscious" after ingesting alcohol, marihuana, and Xanax. Detective Johnson testified that other witnesses' statements were consistent with J.K.'s reporting that she "was unconscious for a lot of this time or at least has a memory loss for a lot of this time." Detective

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Johnson testified that after speaking to the witnesses, he discovered that J.K. "seemed to go from semi-conscious to the last witness who saw her . . . at 3 a.m. in the morning who said that she was completely unconscious when [appellant] was moving her into the elevator."

On cross-examination, Anderson's defense attorney asked Detective Johnson whether he had said during direct examination that in his opinion that the witnesses saw J.K. "in a highly intoxicated state that approached being unconscious." Detective Johnson replied, "I think I used the terms between being semiconscious and unconscious." Defense counsel asked if Detective Johnson recalled whether any of the witnesses actually used the word "unconscious." Detective Johnson stated that he needed to refresh his memory by reviewing the witnesses' statements.

The trial court asked the jury to take a break, and the following occurred outside the jury's presence. Defense counsel repeated his question regarding whether any of the witnesses used the term "unconscious," and the State objected arguing that defense counsel was attempting to elicit hearsay. Detective Johnson then stated, "There is not the actual word 'unconscious,' [in the witnesses' statements], but there's almost a clinical definition for unconscious in one of the statements." The trial court asked defense counsel how Detective Johnson's testimony regarding what other witnesses said is admissible either as an exception to the hearsay rule or nonhearsay under rule 801. Defense counsel responded, "The Sixth Amendment here, which is a right to cross-examine and confront the witnesses, trumps the hearsay rule in this particular setting, so I object to the Court's ruling." The trial court stated:

> The Sixth Amendment does not give anyone the right to ask
> whatever question they want, and it does not nullify the entire book of the

3

Rules of Evidence. It just doesn't. The Sixth Amendment allows you to cross—to confront the witness and to cross-examine within the rules, and that was an objectionable question from the prosecutor, quite frankly, to ask what other witnesses said, except for the Defendant, because he's a party opponent.

It wasn't objected to, so it came in, and it's—nonetheless, he can object at this point. If there is an exception in the hearsay rule or under—what is it, 801—that it is—I guess it's 803 as well—that it is nonhearsay—no, it's actually 801—that is nonhearsay, then that's fine; but I haven't heard that, so I'm going to sustain the objection.

At trial, Anderson argued that the testimony he attempted to elicit from Detective Johnson was admissible because the Sixth Amendment's right to cross-examination trumps the hearsay rule in this instance. Anderson does not make that argument on appeal. On appeal, Anderson argues that Detective Johnson's testimony was not hearsay. At trial, Anderson did not make this argument. Thus, Anderson has not preserved this argument for our review. *See Keeter v. State*, 175 S.W.3d 756, 759–60 (Tex. Crim. App. 2005); *see also Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007) (providing that appellate arguments must comport with objections at trial); *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (setting out that appellant did not preserve the issue for appellate review because his argument at trial did not comport with his argument on appeal). Accordingly, we overrule Anderson's first issue.

## II. COMMENT ON THE WEIGHT OF THE EVIDENCE

By his second issue, Anderson contends that the trial court commented on the weight of the evidence in the jury charge by including an instruction regarding the degree of penetration the State had to prove. The State counters that this Court has already determined that the complained-of instruction is proper.

4

By his third issue, Anderson contends that the trial court commented on the weight of the evidence by including an "instruction on the meaning of the term 'reasonable doubt.'" Specifically, Anderson complains of the following instruction: "It is not required that the prosecution proves guilt beyond all possible doubt; it is required that the prosecutor's proof excludes all 'reasonable doubt' concerning the defendant's guilt."

## A.     Penetration

Anderson objected at trial to the following instruction:

> Where penetration is charged as an element of the offense, the burden is on the state to prove penetration and every other element of the offense beyond a reasonable doubt; and you are instructed that penetration is complete however slight.

Anderson argued that this instruction defined the term "penetration" and that in the context of a jury charge, would amount to a comment on the weight of the evidence. The trial court overruled Anderson's objection to this instruction.

In *Wilson v. State*, this Court concluded that the exact same language provided in the jury charge in this case is neither a definition nor a comment on the weight of the evidence. *See* 905 S.W.2d 46, 48–49 (Tex. App.—Corpus Christi 1995, no pet.). We reasoned that "the language in the charge simply instructed the jury how the State had to prove the element of penetration" and "[i]t did not inform or advise the jury that penetration had occurred in the case nor that appellant had done so at any time." *Id.* at 49. Accordingly, we conclude that the complained-of instruction was neither a definition nor a comment on the weight of the evidence. *See id.* at 48–49. We overrule Anderson's second issue.

**B.    Reasonable Doubt**

Anderson complains of the following instruction:  "It is not required that the prosecution proves guilt beyond all possible doubt; it is required that the prosecutor's proof excludes all 'reasonable doubt' concerning the defendant's guilt."  In *Ruiz v. State*, this Court stated that the exact same instruction as the complained-of instruction is not a definition of "reasonable doubt" and "does not run afoul of the court of criminal appeals precedent in *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000), which held that trial courts are not required to define reasonable doubt and suggested that 'the better practice is to give no definition of reasonable doubt at all to the jury.'" 228 S.W.3d 691, 692–93 (Tex. App.—Corpus Christi 2005, no pet.).  We concluded that "the inclusion of the 'beyond all possible doubt' instruction is not an abuse of discretion." *Id.* at 693 (citing *Woods v. State*, 152 S.W.3d 105, 114–16 (Tex. Crim. App. 2004)).  Therefore, the trial court in this case did not abuse its discretion by including the "beyond all possible doubt" instruction in the jury charge.  *See id.*  We overrule Anderson's third issue.[2]

**IV.    NORTH CAROLINA CONVICTION FOR TAKING INDECENT LIBERTIES WITH CHILDREN**

By his fourth issue, Anderson contends that the trial court erred in assessing a punishment of life imprisonment.  Specifically, Anderson argues that the North Carolina offense for which he was previously convicted does not contain elements that are substantially similar to the Texas offense of indecency with a child as found by the trial court for enhancement purposes.  *See* TEX. PENAL CODE ANN. § 12.42.

---

[2] Having found no error, we need not address Anderson's contention that because he objected to the complained-of instruction, we must merely find that he suffered some harm to reverse the cause.  *See Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994) (citing *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (providing that whether the defendant objected to the jury charge becomes relevant only after the appellate court finds error)).

## A.      Applicable Law and Standard of Review

Section 12.42(c)(2) of the penal code provides for enhanced penalties for repeat felony offenders. *See id.* Section 12.42(c)(2) mandates the imposition of a life sentence for a defendant convicted of certain sexual offenses, including sexual assault, that he committed after previously being convicted of an offense under the laws of another state containing elements that are substantially similar to the elements of certain enumerated Texas sexual offenses, including, among others, indecency with a child. *See id.* Effectively, section 12.42(c)(2) "creates a 'two-strikes policy' for repeat sex offenders in Texas, embodying the legislature's intent to treat repeat sex offenders more harshly than other repeat offenders." *Prudholm v. State*, 333 S.W.3d 590, 592 (Tex. Crim. App. 2011). In order to use a prior conviction from another state for enhancement purposes, the trial court must take judicial notice of the relevant state statute and then find that the elements of that offense are substantially similar to the elements of an offense enumerated in section 12.42(c)(2)(B). *Brooks v. State*, 357 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

We review a trial court's determination that the elements of the two offenses are substantially similar de novo. *Id.* In order to conclude that two offenses contain substantially similar elements, we first determine if the elements being compared "display a high degree of likeness." *Prudholm*, 333 S.W.3d at 594. We then must decide whether the elements are substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offense. *Id.* at 599. The two offenses may be less than identical. *Id.* at 594; *Brooks*,

7

357 S.W.3d at 786. Therefore, "one offense need not have every element of the other." *Prudholm*, 333 S.W.3d at 594.

## B. Discussion

At the punishment portion of the trial, the State alleged that Anderson had previously been convicted in North Carolina for the offense of taking indecent liberties with a child. The State argued that the North Carolina offense contained elements substantially similar to the elements of the Texas offense of indecency with a child. After hearing oral argument from both sides, the trial court found that the two statutes were substantially similar and sentenced Anderson to life imprisonment for each of the three counts of sexual assault.

Under North Carolina law, a person is guilty of taking indecent liberties with a child if the person is sixteen years old or older, at least five years older than the child in question, and either: (1) "Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purposes of arousing or gratifying sexual desire"[3]; or (2) "Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years."[4] N.C. GEN. STAT. § 14–202.1 (2011). North Carolina case law establishes that taking indecent liberties with a child includes, among other things, the following acts: (1) the defendant touching the child's vagina,

---

[3] Indecent is defined as "grossly improper or offensive." *Merriam-Webster Online Dictionary*, available at http://www.merriam-webster.com/dictionary/indecent (last visited May 31, 2012). Immoral is defined as "conflicting with generally or traditionally held moral principles." *Id.* at http://www.merriam-webster.com/dictionary/immoral (last visited May 31, 2012).

[4] Lewd is defined as "sexually unchaste or licentious" and "obscene, vulgur." *Id.* at http://www.merriam-webster.com/dictionary/lewd. Lascivious is defined as "lewd or lustful." *Id.* at http://www.merriam-webster.com/dictionary/lascivious.

8

*see State v. Carter*, 707 S.E.2d 700, 706 (N.C. 2011); (2) the child touching the defendant's penis, *see State v. Hartness*, 391 S.E.2d 177, 178–81 (N.C. 1990); and (3) the defendant exposing his penis to the child, *see State v. Smith*, 592, 669 S.E.2d 299, 305 (N.C. 2008). *See also State v. Baker*, 333 N.C. 325, 329–30, 426 S.E.2d 73, 76 (1993) ("A broad variety of acts may be considered indecent and may be performed to provide sexual gratification to the actor."). Under Texas law, a person is guilty of the offense of indecency with a child if, with a child younger than seventeen years of age, he either (1) "engages in sexual contact with the child or causes the child to engage in sexual contact" or (2) with the intent to arouse or gratify the sexual desire of any person, he exposes his anus or any part of his genitals, knowing the child is present or causes the child to expose his or her anus or any part of the child's genitals. TEX. PENAL CODE ANN. § 21.11 (West 2011).

Both of these offenses criminalize, among other things, the touching of the child's genitals, the touching by the child of the offender's genitals, and the exposure of the offender's genitals with the intent to arouse or gratify a person's sexual desire. The North Carolina statute differs from the Texas statute because it also criminalizes a person's attempt to commit any of the enumerated acts, it does not specify the exact sexual acts that are prohibited, and it allows for the prosecution of acts that are not prohibited under the Texas statute.[5] *See State v. Etheridge*, 319 N.C. 34, 49, 352 S.E.2d 673, 682 (1987) ("We note first that it is not necessary that defendant touch his victim to commit an immoral, improper, or indecent liberty within the meaning of the

---

[5] In contrast, section 21.11 of the Texas Penal Code strictly defines sexual contact as the touching of the child's genitals, anus, or breasts with the intent to arouse or gratify a person's sexual desire or the touching of any part of a child's body with the actor's anus, breast, or genitals with the intent to arouse or gratify a person's sexual desire. *See* TEX. PENAL CODE ANN. § 21.11(c) (West 2011).

statute. Thus it has been held that the photographing of a naked child in a sexually suggestive pose is an activity contemplated by the statute, as is masturbation within a child's sight and a defendant's act of exposing his penis and placing his hand upon it while in close proximity to a child. These decisions demonstrate that a variety of acts may be considered indecent and may be performed to provide sexual gratification to the actor. Indeed, the legislature enacted section 14–202.1 to encompass more types of deviant behavior, giving children broader protection than available under other statutes proscribing sexual acts.") (internal citations omitted)). Although the elements of both statutes are not identical in every way, and the North Carolina statute criminalizes behavior not contemplated by the Texas statute, we conclude that they are similar enough to indicate a high degree of likeness, and thus, satisfy the first part of the substantially similar test.

Next, both statutes seek to punish the sexually-motivated touching of children or sexually-motivated exposure of certain body parts to children. The public interest protected by both statutes is clearly to safeguard children from improper sexual touching and/or sexual exposure. Anderson argues that the North Carolina statute "is aimed at preventing a wider type of conduct and of much less significant nature." However, North Carolina case law establishes that the conduct prohibited by the statute includes the same type of sexual conduct prohibited by the Texas statute.

Therefore, we conclude that the elements of the North Carolina offense of taking indecent liberties with children are substantially similar to the elements of the Texas offense of indecency with a child, one of the enhancement offenses enumerated in

section 12.42.  *See* TEX. PENAL CODE ANN. § 12.42.  Accordingly, we overrule Anderson's fourth issue.

### V.  CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
28th day of June, 2012.