An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1343
NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

STATE OF NORTH CAROLINA

    v.                                      Rockingham County
                                            Nos. 11 CRS 50300-01, 50518
FRANK CATALDO


Appeal by defendant from judgment entered 8 May 2013 by Judge Lindsay R. Davis, Jr. in Rockingham County Superior Court. Heard in the Court of Appeals 8 April 2014.

>*Roy Cooper, Attorney General, by Laura E. Crumpler, Special Deputy Attorney General, for the State.*

>*Staples Hughes, Appellate Defender, by Charlesena Elliott Walker, Assistant Appellate Defender, for defendant-appellant.*


STEELMAN, Judge.


Where evidence that defendant contends was excluded at trial was actually admitted by the trial court, that argument is dismissed. Where the trial court made an interlocutory ruling on the admissibility of certain evidence, leaving the door open for the evidence to be reconsidered later, defendant abandoned this argument by failing to make a further offer of the

evidence. Even assuming *arguendo* that this evidence was improperly excluded, defendant has failed to show that its admission at trial would have resulted in a different verdict.

## I. Factual and Procedural Background

T.B. was born 1 October 1996, to Robin and Ken. Robin and Ken had another child as well. Robin and Ken subsequently separated, and the children lived with Ken. Robin subsequently met Frank Cataldo (defendant), who moved into Robin's apartment in 2003. Robin and defendant had two sons. At the end of 2009, Robin's two children by Ken came to live with them.

In January 2011, T.B. told her guidance counselor that defendant had sex with her. The guidance counselor contacted the Department of Social Services (DSS), which in turn contacted police. Detective Ronnie Markham met with T.B. at her school, and she repeated the allegations. Defendant was arrested.

On 18 February 2011, Dr. Gina Martin, a physician at Alamance Regional Hospital, performed an examination on T.B. and took pictures of her genital area. The examination revealed that this area was more swollen than it should have been. Such swelling is usually caused by rubbing the area. The examination also revealed a defect in T.B.'s hymen, a split in the edge at the bottom, indicative of vaginal penetration.

Defendant was charged with two counts of statutory sex offense and two counts of statutory rape. At trial, T.B. testified that defendant penetrated her vaginally "[a] lot of times[.]" Dr. Martin testified as an expert witness as to the defect in T.B.'s hymen. The jury found defendant guilty of both counts of statutory sex offense and one count of statutory rape. The court consolidated the statutory sex offenses for sentencing, and imposed an active sentence of 240-297 months imprisonment, and a consecutive active sentence of 240-297 months for the statutory rape. The court also ordered that defendant register as a sex offender for thirty years upon his release from prison.

Defendant appeals.

## II. Standard of Review

Although the trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal. Because the trial court is better situated to evaluate whether a particular piece of evidence tends to make the existence of a fact of consequence more or less probable, the appropriate standard of review for a trial court's ruling on relevancy pursuant to Rule 401 is not as deferential as the 'abuse of discretion' standard which applies to rulings made pursuant to Rule 403.

*Dunn v. Custer*, 162 N.C. App. 259, 266, 591 S.E.2d 11, 17 (2004) (citation and quotation marks omitted).

"We review the trial court's rulings as to relevance with great deference. . . . We believe that the same deferential standard of review should apply to the trial court's determination of admissibility under Rule 412." *State v. Khouri*, 214 N.C. App. 389, 406, 716 S.E.2d 1, 12-13 (2011).

"When a defendant wishes to present evidence falling within the scope of Rule 412, he must first apply to the court for a determination of the relevance of the sexual behavior to which it relates. The trial court is then required to conduct an *in camera* hearing . . . to consider the proponent's *offer of proof* and the argument of counsel . . . . The defendant bears the burden of establish[ing] the basis of admissibility of such evidence." *State v. Cook*, 195 N.C. App. 230, 237, 672 S.E.2d 25, 30 (2009) (citations and quotation marks omitted).

### III. Excluding Witness Testimony

Defendant contends that the trial court erred in excluding the testimony of T.B. and Dr. Martin concerning T.B.'s prior sexual activity. We disagree.

At trial, defendant sought to elicit testimony concerning T.B.'s alleged sexual contact with her father when T.B. was four

years old. Defendant argued that this constituted an alternative explanation for the defect in T.B.'s hymen, and to impeach T.B.'s testimony that she hadn't been in sexual contact with anyone other than defendant. The trial court conducted an *in camera* hearing pursuant to Rule 412. The trial court sustained the State's objection to the evidence of T.B.'s sexual encounters with her father.

Subsequently, the State tendered Dr. Gina Martin, who examined T.B. in 2011, as an expert in the field of physical examination of children where there were allegations of sexual abuse. Dr. Martin testified to the existence of the defect in T.B.'s hymen, which was likely caused by vaginal penetration. On cross-examination, defendant sought to elicit testimony concerning alleged masturbation by T.B. with a hairbrush, which might have been an alternative explanation for the defect in T.B.'s hymen. The court held a Rule 412 *in camera* hearing, and concluded that this testimony was admissible.

On appeal, defendant contends that the trial court erred in excluding T.B.'s testimony of her sexual contact with her father, and in excluding Dr. Martin's testimony concerning T.B.'s masturbation. We first note that the trial court did not

exclude the testimony concerning masturbation, and we therefore dismiss that argument.

With regard to the first portion of defendant's argument, concerning T.B.'s contact with her father, we note that the trial court correctly held an *in camera* hearing pursuant to Rule 412 of the North Carolina Rules of Evidence. Rule 412 provides that:

> Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:
>
> (1) Was between the complainant and the defendant; or
>
> (2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or
>
> (3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or
>
> (4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.

N.C. R. Evid. 412(b) (2013). At trial, defendant contended that the testimony concerning T.B.'s sexual contact with her father fell under the exception set forth in Rule 412(b)(2), as evidence that the acts committed were not committed by the defendant; specifically that the defect in T.B.'s hymen may have been caused by someone other than defendant.

Our Supreme Court has held that evidence which "provide[s] an alternative explanation for the medical evidence presented . . . falls within exception (b)(2) of Rule 412." *State v. Ollis*, 318 N.C. 370, 376, 348 S.E.2d 777, 781 (1986). We agree that the excluded testimony in the instant case fell within the exception to Rule 412.

However, in the instant case, the trial court conducted an *in camera* hearing as to T.B.'s testimony concerning her father's conduct. Although it sustained the State's objection to the testimony, the trial court observed that subsequent witness testimony would determine "whether I'll allow it later." The trial court's ruling on the alleged sexual contact with T.B.'s father was not a final ruling on the admissibility of this evidence, but was an interim or interlocutory ruling. At no subsequent time did defendant attempt to make a further offer of this evidence. Because defendant failed to raise the issue

anew, it is deemed abandoned. *See State v. Williams*, 355 N.C. 501, 555-56, 565 S.E.2d 609, 641 (2002) (holding that, where the trial court held defendant's motion open, and defendant failed to seek a further ruling, that issue was abandoned).

Even assuming *arguendo* that the trial court erred in excluding the testimony, defendant has not demonstrated that the exclusion of this evidence prejudiced him before the jury. T.B. testified concerning defendant's repeated sexual contact with her in 2010. This testimony was admitted without objection. Defendant does not contend that the excluded evidence showed that the acts for which he was charged were committed by another person, but rather that another person may have had sexual contact with T.B. many years earlier. Defendant's argument that the excluded testimony would have explained the existence of the defect in T.B.'s hymen does not challenge T.B.'s testimony as to defendant's conduct.

We further note that the trial court admitted evidence of an alternative explanation for the defect in T.B.'s hymen; specifically, Dr. Martin's testimony concerning T.B.'s masturbation. This evidence was temporally close to the alleged conduct of the defendant, unlike the excluded testimony, which dealt with events that allegedly occurred many years prior to

the conduct of defendant. However, even with the evidence of recent masturbation, the jury found defendant guilty. Defendant cannot establish, absent the exclusion of the testimony concerning T.B.'s sexual contact with her father many years earlier, that a different result would have been reached at trial.

We hold that any error which may have resulted from the exclusion of this testimony was harmless.

NO ERROR.

Judges HUNTER, Robert C., and BRYANT concur.

Report per Rule 30(e).