STATE OF NORTH CAROLINA v. MACK DONALD OLLIS

No. 408A85

(Filed 7 October 1986)

**1. Rape and Allied Offenses § 3 — first degree rape — short form indictment — age of victim**

A rape indictment alleging that the victim was "a female child eight (8) years old" sufficiently alleged that she was "a child under twelve" as required by N.C.G.S. § 15-144.1(b) (Cum. Supp. 1981) as it existed on 6 June 1983, the date of the alleged rape, and the additional allegation in the language of the 1 October 1983 amendment to the statute that the child was "thus of the age of under thirteen (13) years" was surplusage.

**2. Rape and Allied Offenses § 4.2 — rape by another — admissibility to explain victim's physical condition**

In a prosecution for first degree rape and first degree sexual offense, the trial court committed prejudicial error in refusing to allow defendant to question the child victim about instances of rape committed by defendant's adult son against the victim on the same day as the alleged rape by defendant in order to show that physical findings described by the physician who examined the victim were the result of those acts by defendant's son. N.C.G.S. § 8C-1, Rule 412(b)(2).

Justices PARKER and BROWNING did not participate in the consideration or decision of this case.

BEFORE *Owens, J.,* at the 20 August 1984 Criminal Session of Superior Court, BURKE County, the defendant was convicted of

first-degree rape and first-degree sexual offense for which he received two concurrent life sentences. The defendant appeals pursuant to N.C.G.S. § 7A-27(a). Heard in the Supreme Court 15 May 1986.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the State.*

*Sam J. Ervin, IV, for defendant-appellant.*

BILLINGS, Chief Justice.

The defendant brings forward in his brief six assignments of error relating to corroborating evidence, evidence of sexual activity of the victim, evidence of an attempt to commit a similar crime, portions of the prosecutor's argument to the jury, and jury instructions and proof concerning the dates of the alleged offenses. Subsequent to oral argument he filed in this Court a motion in arrest of judgment questioning the sufficiency of the indictment. We find no fatal defect in the indictment, but for the reason stated below we reverse the defendant's convictions.

In March of 1984, the victim, a child of ten years at the time of the trial, underwent a medical examination as the result of a beating inflicted upon her by her father. The victim had disclosed to a friend at school that she had been beaten. The friend reported the incident to a teacher who in turn contacted school officials. The Burke County Department of Social Services was called in to investigate and arranged for the child to be examined by a physician. During the course of the examination, the victim told the physician that she had been raped and sexually assaulted by the defendant, who was a friend of the victim's family. During the weeks following the medical examination, the victim informed social services, law enforcement, and court personnel that she had been sexually abused by the defendant. The victim testified at trial that sometime in the late spring of 1983 the defendant had visited the mobile home where she was living with her mother, stepfather and stepbrother. The defendant entered the victim's bedroom, removed her clothes, undressed himself, and engaged in sexual intercourse with her. The defendant warned her not to tell anyone what had occurred or he would hurt her. The victim also described an incident which took place in the fall of 1983. On this occasion, the defendant attended an evening poker and drinking

party at the victim's home. After the victim was sent to bed, the defendant entered the bedroom which the victim shared with her younger stepbrother. The defendant pulled the victim's nightgown above her head and performed a sexual act (cunnilingus) on her.

I.

[1]   On 8 September 1986 the defendant filed a motion in arrest of judgment. He contends that the superseding indictment returned 29 October 1984 charging him with rape is fatally defective in that:

(1) it attempts to state the offense as provided in N.C.G.S. § 15-144.1(b), short form indictment for rape, but in so doing charges an offense that was not a crime on the date of the offense charged, and

(2) it fails to satisfy criminal pleading requirements specified in N.C.G.S. §15A-924 because it does not allege facts supporting all of the elements of the offense.

The indictment for first-degree rape states that the date of the offense as June 6, 1983 and alleges that

on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did carnally know and abuse [the victim], a female child eight (8) years old and thus of the age of under thirteen (13) years.

The defendant correctly points out that the allegations of the indictment fail to charge that the defendant at the time of the offense was 12 years of age or more and 4 or more years older than the victim, elements required for non-forcible first-degree rape of "a child of the age of 12 years or less." N.C.G.S. § 14-27.2(a)(1) (1981). Therefore, the indictment does not "assert[ ] facts supporting every element of [the] criminal offense," N.C.G.S. § 15A-924 (a)(5) (1983), and must be sustained, if at all, under the authority of N.C.G.S. § 15-144.1(b).

On 6 June 1983, the date of the alleged offense, N.C.G.S. § 14-27.2(a) (1981) provided in part as follows:

A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

(1) With a victim who is a child of the age of 12 years or less and the defendant is of the age of 12 years or more and is four or more years older than the victim
. . . .

The corresponding portion of N.C.G.S. § 15-144.1 (Cum. Supp. 1981), "Essentials of bill for rape," provided:

(b) If the victim is a female child under the age of 12 years it is sufficient to allege that the accused unlawfully, willfully, and feloniously did carnally know and abuse a child under 12, naming her, and concluding as aforesaid. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for the rape of a female child under the age of 12 years and all lesser included offenses.

Effective 1 October 1983, N.C.G.S. § 14-27.2(a)(1) was amended by substituting "a child under the age of 13 years" for "a child of the age of 12 years or less," and N.C.G.S. § 15-144.1(b) was amended by changing "12" to "13."

This Court held in *State v. Howard*, 317 N.C. 140, 343 S.E. 2d 538 (1986) that a bill of indictment charging that on 15 February 1983 the defendant "feloniously did carnally know and abuse [the victim], a child under the age of 13 years," failed to allege a criminal offense for a rape allegedly occurring before the 1 October 1983 amendment to the statute. The indictment in the *Howard* case did not allege the actual age of the victim; it merely alleged carnal knowledge of "a child under the age of 13 years" which stated neither the statutory elements of the offense nor the averments deemed sufficient by N.C.G.S. § 15-144.1(b) as it existed on the day of the offense. In the case *sub judice*, however, the indictment not only charges that the victim was under the age of 13 years, it specifically alleges that she was 8 years of age, satisfying the statutory age requirement existing prior to 1 October 1983.

The defendant's contention seems to be, however, that despite the allegation of the victim's actual age, the indictment is fatally defective because of the State's attempt to use the short form indictment, since the statutory authorization for a short form indictment for an offense occurring before the date of the

amendment to N.C.G.S. § 15-144.1(b) required that the indictment allege that the victim was "a child under 12."

We reject the defendant's argument and hold that the indictment is sufficient. An allegation that the victim is "a female child eight (8) years old" sufficiently alleges that she is "a child under 12" and satisfies the requirement of N.C.G.S. § 15-144.1(b) as it existed on 6 June 1983; the additional allegation that the child was "thus of the age of under thirteen (13) years" is surplusage.

## II.

[2] The defendant contends that the trial court erred by denying his request to be allowed to cross-examine the victim concerning other sexual activity. Assuming *arguendo* that rape or sexual offenses committed against a child victim constitute "sexual activity of the complainant" and come within the shield of N.C.G.S. § 8C-1, Rule 412 (Cum. Supp. 1985), section (b) of Rule 412 contains the following:

> Notwithstanding any other provision of law, the sexual behavior of the complainant [in a rape or sexual offense case] is irrelevant to any issue in the prosecution unless such behavior:
>
> . . . .
>
> (2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant.

The defendant contends that he should have been allowed to question the victim about instances of rape committed by the defendant's adult son, Ray Mikie Ollis, against the victim in order to show that the physical findings described by the physician who examined the victim were the result of those acts by Mikie Ollis. We agree.

The victim testified about two occasions when the defendant had engaged in sexual activity with her. The acts on one of the occasions as described by the victim constituted cunnilingus and the other constituted rape.

Following the victim's testimony, Dr. Whalley testified that he had examined the victim regarding the bruises she sustained

as the result of her father's beating. He stated that during the course of the examination the victim told him that "[t]wo men had — trying to think of the correct way to say this — had laid on top of her with their clothes off, and banged on top of her, hurting where she passes urine." The victim had not mentioned in her testimony that anyone other than the defendant had sexually abused her. Barbara Wheeler, a social worker, was permitted to testify that Dr. Whalley had told her that the victim had said that two men had raped her. The trial judge limited consideration of Dr. Whalley's and Ms. Wheeler's statements to use as corroboration.

Therefore, because there was no reference to two men in the victim's testimony, the statements of the two witnesses, although admissible as corroborative evidence to enhance the victim's credibility, did not provide substantive evidence that a man other than the defendant had raped the victim. *See State v. Burns*, 307 N.C. 224, 297 S.E. 2d 384 (1982).

Dr. Whalley further testified that as a result of the victim's statements he examined her genitalia and found that her urovaginal opening measured approximately three centimeters. He further stated that "I would expect a normal ten year old girl to have a urovaginal opening of approximately half that size. So I felt that this was larger than expected." In response to the District Attorney's question whether the larger urovaginal opening was consistent with the history given by the victim, the physician responded in part:

There was evidence that this area inside the labia, right exactly in front of which the area where the urine and the urine opening is and the entrance to the vaginia [sic] is, it's together, and this tissue seemed to be stretched to a larger opening than I would expect in a ten year old girl.

He further stated: "It's my opinion that the evidence on physical examination show [sic] that [the victim] did receive or has been the object of inappropriate physical and sexual abuse."

The physician's additional testimony regarding his examination of the victim's genitalia, including his description of the appearance of the hymen ring, can be summarized as that it was not inconsistent with that which exists in most young girls.

The victim was the only witness to the alleged sexual acts, which the defendant denied. The physician's testimony was thus the only independent evidence corroborating the victim's testimony that she had been raped. In his closing argument the District Attorney relied heavily on the physician's physical findings as corroborative of the victim's testimony that the defendant had on one occasion put his penis inside her "pee-pee."

Following the physician's testimony, upon request of the defendant the Court conducted an in-camera hearing pursuant to N.C.G.S. § 8C-1, Rule 412, and the victim was examined out of the presence of the jury. At that time she testified that on the same day that she was raped by the defendant and immediately after the defendant left the room, Mikie Ollis came into her bedroom and "done the samething [sic] that Mack Donald [the defendant] did . . . . He stuck his penis in my pee-pee." She further testified in the in-camera hearing that the same thing had happened before between her and Mikie Ollis, the first time being five days before Christmas in 1982. She further testified about an occasion when he took her in a car to a place under a bridge and got on top of her, put his penis on but not in her "pee-pee" and moved up and down. She said that on Mikie's daughter's birthday, she went to a pajama party at Mikie's house and he twice "took off his clothes and got on me and moved up-and-down with his penis in my pee-pee."

Following the in-camera hearing, the defendant requested that he be allowed to examine the victim before the jury regarding the sexual acts of Mikie Ollis on the basis that it was admissible under N.C.G.S. § 8C-1, Rule 412(b)(2). The trial judge ruled that the evidence was not relevant and excluded it.

We agree with the defendant that the evidence should have been admitted, as it would have provided an alternative explanation for the medical evidence presented by Dr. Whalley and falls within exception (b)(2) of Rule 412.

The State concedes that the evidence would be admissible as to the first-degree rape charge but contends that it was not relevant to the charge of first-degree sexual assault and that its exclusion in the rape case was harmless, since through the testimony of Dr. Whalley and Ms. Wheeler, evidence that two

men had sexually assaulted the victim was before the jury. We disagree.

As was pointed out earlier, the jury was specifically instructed that the physician's and the social worker's testimony could only be considered as corroborative evidence. That testimony was not an adequate substitute for the defendant's right to present substantive evidence relevant to his defense.

Also, although objection to the testimony was sustained and a motion to strike allowed, Ms. Wheeler made reference in her testimony on at least two occasions to multiple rapes of the victim, which in the absence of evidence that they were committed by some other male, the jury clearly would infer were acts committed by the defendant.

We do note that the victim was consistent and very specific regarding details of the assaults against her. She appeared to present independent, credible testimony, at times clarifying apparent misunderstandings by the questioning attorneys about her testimony or her previous statements. There is no suggestion in her answers that she confused the two men. However, we are not able to say that the jury would not have had a reasonable doubt about the defendant's guilt if they had known that the only physical evidence corroborating the victim's testimony of rape was possibly attributable to the acts of a man other than the defendant. N.C.G.S. § 15A-1443. We find that exclusion of that evidence was prejudicial to the defendant in presenting his defense to the charge of rape.

Although the evidence of an alternative source of the physical condition possibly resulting from rape was irrelevant to the sexual offense charge, we also are not convinced that under the circumstances its exclusion was harmless. If the sexual offense charge had been tried separately, the physician's testimony would not have been relevant, and the evidence regarding rape of the victim by another man as an alternative explanation for the victim's physical condition also would have been irrelevant. Because the two offenses were tried together, however, the enhancing character of the doctor's evidence, appearing as it did to corroborate the victim's testimony that she was penetrated, in turn enhanced the credibility of the witness regarding a second sexual offense by the defendant. For that reason we also find that the er-

ror was prejudicial to the defendant's defense against the charge of first-degree sexual offense.

We have examined the defendant's remaining assignments of error and conclude that either no prejudicial error has been demonstrated or the alleged error is not likely to recur on retrial.

For the reasons stated above, we reverse both convictions and remand to the Superior Court of Burke County for a new trial.

New trial.

Justices PARKER and BROWNING did not participate in the consideration or decision of this case.