State v. Gainey

this test, we find no abuse of discretion here. Defendant's assignment of error is overruled.

No error.

STATE OF NORTH CAROLINA v. JAMES GAINEY

No. 411A86

(Filed 7 April 1987)

**Rape and Allied Offenses § 9— first degree sexual offense—indictment sufficient**

> An indictment for first degree sexual offense which alleged that the victim was "a child under 12 years of age" sufficiently alleged that she was "a child under the age of 13 years" within the meaning of N.C.G.S. § 14-27.4(a)(1) (1986).

ON the defendant's appeal of right under N.C.G.S. § 7A-27(a) from judgment entered by *Pope, J.,* at the 17 February 1986 Criminal Session of Superior Court, CABARRUS County, sentencing the defendant to imprisonment for life upon his conviction by a jury for first-degree sexual offense. Heard in the Supreme Court on 9 March 1987.

*Lacy H. Thornburg, Attorney General, by Edmond W. Caldwell, Jr., Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Leland Q. Towns, Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant's sole contention on appeal is that the judgment against him must be arrested due to a defect in the indictment against him which alleged in part that the victim was "a child under 12 years of age." As we find no defect in the indictment, we reject this contention.

A complete review of the evidence introduced at trial is unnecessary to an understanding of the issue presented by the defendant. The State offered evidence tending to show that the defendant, James Gainey, permitted and caused the nine-year-old

female victim to perform fellatio upon him on 14 November 1985. The defendant was fifty-eight years old on that date.

At the time the crime charged in this case was committed—just as now—a defendant was guilty of a first-degree sexual offense if he or she engaged in a sexual act with a victim "under the age of 13 years" and the defendant was at least twelve years old and at least four years older than the victim. N.C.G.S. § 14-27.4(a)(1) (1986). The indictment upon which the defendant in the present case was tried and convicted alleged that the defendant engaged in a sex offense with "a child under 12 years of age." The defendant argues that this allegation is not sufficient to allege that the child victim was "under the age of 13 years" as required by the statute. It suffices simply to say that the allegation that the victim was "a child under 12 years of age" sufficiently alleged that she was "a child under the age of 13 years" within the meaning of the statute. *See State v. Ollis*, 318 N.C. 370, 348 S.E. 2d 777 (1986) (allegation that victim was eight years old sufficiently alleged that she was "a child under twelve"). The defendant's assignment in this regard is without merit and is overruled.

No error.