McCULLOUGH, Judge.
 

 *402
 
 John Owen Jacobs ("defendant") appeals from judgment entered upon his conviction for first-degree sex offense with a child. For the following reasons, we find no error.
 

 I.
 
 Background
 

 Defendant was arrested on 6 May 2013 based on allegations of sex abuse by his daughter and, on 8 July 2013, indicted by a Bladen County
 
 *403
 
 Grand Jury on charges of first-degree rape of a child and first-degree sex offense with a child.
 

 On 9 May 2013, between defendant's arrest and his indictment, the Bladen County Sheriff's office applied for and obtained a search warrant for physical evidence from defendant. Pursuant to that warrant, defendant provided blood samples which tested negative for trichomonas vaginalis and the herpes simplex virus, Type II.
 

 Both the State and defendant filed pre-trial motions regarding evidence they sought to exclude or admit at trial. Pertinent to this appeal, the State filed two motions pursuant to N.C. Gen. Stat. § 8C-1, Rule 412 to exclude evidence of the alleged victim's ("Betty")
 
 [1]
 
 sexual history. On 31 June 2015, the State filed a motion to prohibit the defense from questioning any witnesses about the sexual behavior of the victim, other than the sexual acts at issue in the indictments. On 7 July 2015, the State filed a motion
 
 in limine
 
 to prohibit the defense from referencing any sexually transmitted diseases ("STD") or infections that may have been detected in Betty. In response to the State's motions to exclude evidence pursuant to Rule 412, on 15 July 2015, defendant filed a notice of intent to call an expert witness to testify that Betty has STDs that defendant does not have.
 

 Defendant's case came on for trial in Bladen County Superior Court on 20 July 2015, the Honorable Reuben F. Young, Judge presiding. The judge heard arguments on the State's Rule 412 motions at the beginning of the trial and, before opening statements, ruled that the STD evidence was inadmissible under Rule 412.
 

 Defendant's trial then proceeded with evidence tending to show the following: Defendant is Betty's biological father. Betty, at the time of trial, was 13 years old. On 6 May 2013, Betty told a friend at school that her father had sex with her the night before and that he had been having sexual relations with her for a "long time." Betty's friend then told a teacher, who in turn notified the school's social worker. That same day, Betty was taken to Bladen County Hospital, where a doctor performed a standard victims sexual assault kit examination. The results showed Betty tested positive for two STDs, trichomonas vaginalis and herpes simplex virus, Type II.
 

 At trial, Betty testified about three specific instances of defendant having sexual relations with her in 2013. First, Betty testified that, on 5 May
 
 *404
 
 2013, defendant had sex with her in her bedroom after she had showered, eaten, and gone to bed. Betty testified that in another instance, about one week before the 5 May incident, defendant had sex with her in the kitchen of their home during the day while her younger brother played outside. Finally, Betty testified that, on 25 April 2013, defendant had sex with her in her bedroom after he brought her home from school early due to her kicking another student. In addition to these three instances, Betty further
 
 *534
 
 testified that defendant first had sex with her in 2011 and continued having sex with her two to three times per week over the course of about three years.
 

 Upon consideration of the evidence, on 28 July 2015, a jury returned a verdict finding defendant guilty of first-degree sex offense with a child but deadlocked on the remaining charges of first-degree rape of a child, leading the trial court to declare a mistrial on those charges. Upon the first-degree sex offense with a child conviction, the trial court entered judgment sentencing defendant to a term of 420 to 564 months. Defendant gave oral notice of appeal.
 

 II.
 
 Discussion
 

 On appeal, defendant raises two issues: whether (1) the denial of the STD evidence into evidence at trial constitutes a violation of his constitutional right to present a defense; and (2) the STD evidence was properly excluded pursuant to Rule 412.
 

 Constitutional Issue
 

 We first address defendant's argument that denying admittance of STD evidence violates his constitutional right to present a defense.
 

 Generally, constitutional issues that are not raised at trial are not considered on appeal.
 
 See
 

 State v. Maness
 
 ,
 
 363 N.C. 261
 
 , 279,
 
 677 S.E.2d 796
 
 , 808 (2009) (" '[A] constitutional issue not raised at trial will generally not be considered for the first time on appeal.' " (quoting
 
 Anderson v. Assimos
 
 ,
 
 356 N.C. 415
 
 , 416,
 
 572 S.E.2d 101
 
 , 102 (2002) ).) The same holds true for appeals based on constitutional grounds.
 
 See also
 

 State v. Haselden
 
 ,
 
 357 N.C. 1
 
 , 10,
 
 577 S.E.2d 594
 
 , 600,
 
 cert. denied
 
 ,
 
 540 U.S. 988
 
 ,
 
 124 S.Ct. 475
 
 ,
 
 157 L.Ed.2d 382
 
 (2003) ;
 
 State v. Gainey
 
 ,
 
 355 N.C. 73
 
 , 87,
 
 558 S.E.2d 463
 
 , 473,
 
 cert. denied
 
 ,
 
 537 U.S. 896
 
 ,
 
 123 S.Ct. 182
 
 ,
 
 154 L.Ed.2d 165
 
 (2002) ;
 
 State v. Anderson
 
 ,
 
 350 N.C. 152
 
 , 175,
 
 513 S.E.2d 296
 
 , 310 (1999).
 

 Here, our review of the record shows that defendant did not raise any issue or argument at trial regarding a violation of his constitutional rights that he now raises on appeal. Thus, defendant has waived those arguments on appeal.
 

 *405
 

 Rule 412
 

 Defendant next contends that the trial court erred when it excluded evidence of Betty's STDs and evidence that defendant did not have those STDs pursuant to Rule 412. Defendant argues that the evidence would make a sexual relationship between Betty and defendant less likely and shows that someone other than defendant had sexual relations with Betty.
 

 Rule 412, North Carolina's rape shield law, provides, in pertinent part, as follows:
 

 (b) Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:
 

 (1) Was between the complainant and the defendant; or
 

 (2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or
 

 (3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or
 

 (4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.
 

 (c) Sexual behavior otherwise admissible under this rule may not be proved by reputation or opinion.
 

 N.C. Gen. Stat. § 8C-1, Rule 412 (2015). As used in Rule 412, "the term 'sexual behavior' means sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial." N.C. Gen. Stat. § 8C-1, Rule 412(a). Thus, in short, " Rule 412 provides that evidence of sexual behavior of the
 
 *535
 
 complainant is irrelevant unless it falls within one of four categories listed in the rule."
 
 *406
 

 State v. Guthrie
 
 ,
 
 110 N.C.App. 91
 
 , 93,
 
 428 S.E.2d 853
 
 , 854,
 
 disc. review denied
 
 ,
 
 333 N.C. 793
 
 ,
 
 431 S.E.2d 28
 
 (1993).
 

 As our Supreme Court has explained, prior to the enactment of the predecessor to Rule 412, a victim's "general reputation for unchastity" was admissible in a rape trial to attack the victim's credibility and show the victim's proneness to consent to sexual acts.
 
 State v. Younger
 
 ,
 
 306 N.C. 692
 
 , 695,
 
 295 S.E.2d 453
 
 , 455 (1982) (citing
 
 State v. Fortney
 
 ,
 
 301 N.C. 31
 
 , 37,
 
 269 S.E.2d 110
 
 , 113 (1980) ). However, in enacting the predecessor to Rule 412, the legislature "cast aside the idea, that any previous sexual behavior of a rape victim is
 
 per se
 
 relevant to a rape proceeding."
 
 Id.
 
 at 696,
 
 295 S.E.2d at 455
 
 (internal quotation marks, citation, and emphasis omitted). The Court further explained that the "statute was designed to protect the witness from unnecessary humiliation and embarrassment while shielding the jury from unwanted prejudice that might result from evidence of sexual conduct which has little relevance to the case and has a low probative value."
 
 Id
 
 . at 696,
 
 295 S.E.2d at 456
 
 .
 

 In our analysis, we first examine whether evidence of an STD constitutes sexual activity under Rule 412 and, thus, whether Rule 412 is implicated. The State argues that the evidence showing that Betty has STDs constitutes evidence of past sexual behavior that should be excluded by Rule 412 ; and evidence that defendant did not also have the STDs is not relevant without first establishing that Betty has the STDs. We agree with the State.
 

 Although we have found various instances of evidence allowed under Rule 412, there is no precedent in North Carolina that evidence of an STD constitutes sexual behavior that would be barred by Rule 412. Indeed, defendant cites
 
 State v. Rorie
 
 , --- N.C.App. ----,
 
 776 S.E.2d 338
 
 (2015), and
 
 State v. Guthrie
 
 ,
 
 110 N.C.App. 91
 
 ,
 
 428 S.E.2d 853
 
 (1993), to argue that evidence of an STD is admissible under Rule 412, but those cases are distinguishable.
 

 In
 
 Rorie
 
 , this Court found that the act of watching a pornographic video did not constitute sexual activity under Rule 412. --- N.C.App. at ----,
 
 776 S.E.2d at 344
 
 . In
 
 Guthrie
 
 , this Court found that written letters offering sexual acts did not constitute sexual activity under Rule 412.
 
 110 N.C.App. at 93-94
 
 ,
 
 428 S.E.2d at 854
 
 .
 

 Here, we hold the presence of an STD, by contrast, denotes sexual behavior because an STD is commonly associated with sexual activity, sexual intercourse, and is accompanied with the same type of stigma that Rule 412 was designed to prohibit. We find guidance from other states that have ruled that an STD constitutes sexual behavior under
 
 *407
 
 their respective rape shield laws.
 
 See
 

 State v. Ozuna
 
 ,
 
 155 Idaho 697
 
 , 702,
 
 316 P.3d 109
 
 , 114 (2013) (holding that "evidence related to whether a victim had an STD or whether the defendant thought the victim had an STD at the time of an alleged sex crime is evidence of a victim's past sexual behavior");
 
 Fells v. State
 
 ,
 
 362 Ark. 77
 
 , 83,
 
 207 S.W.3d 498
 
 , 502 (2005) (holding that because the public generally views HIV as an STD, it is tantamount to evidence of the victim's prior sexual behavior);
 
 State v. Mitchell
 
 ,
 
 568 N.W.2d 493
 
 , 496 (Iowa 1997) (analyzing the admissibility of STD evidence under Iowa's rape shield law as evidence of the victim's past sexual behavior);
 
 State v. Cunningham
 
 ,
 
 164 Or.App. 680
 
 ,
 
 995 P.2d 561
 
 , 568 (2000) (holding that evidence of STDs falls under the purview of Oregon's rape shield law because "evidence of sexually transmitted diseases is tantamount to evidence of past sexual behavior because sexually transmitted diseases occur as the result of sexual intercourse, sexual contact, or deviate sexual intercourse."). The presence of an STD is indicative of prior sexual behavior and, thus, Rule 412 is implicated.
 

 Although Rule 412 is implicated by the STD evidence, the evidence of prior sexual behavior may still be admissible if it falls under one of the four exceptions to the Rule.
 
 Guthrie
 
 ,
 
 110 N.C.App. at 93
 
 ,
 
 428 S.E.2d at 854
 
 . Here, defendant argues that evidence of the STD should be allowed under the exception which allows evidence of "specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant."
 

 *536
 
 N.C. Gen. Stat. § 8C-1, Rule 412(b)(2). We have admitted evidence of sexual behavior under the Rule 412(b)(2) exception in other cases.
 
 See
 

 State v. Ollis
 
 ,
 
 318 N.C. 370
 
 ,
 
 348 S.E.2d 777
 
 (1986) (holding that evidence should have been admitted under Rule 412(b) to provide an alternative explanation for medical evidence presented);
 
 State v. Davis
 
 ,
 
 237 N.C.App. 481
 
 ,
 
 767 S.E.2d 565
 
 (2014) (holding the trial court erred when it excluded evidence of a prior sexual encounter occurring the day before the alleged rape because the evidence was relevant to provide an alternative explanation for the existence of semen).
 

 Defendant relies on
 
 Ollis
 
 , in which our Supreme Court ruled that testimony regarding a specific instance of prior sexual activity was relevant under Rule 412(b)(2).
 
 Ollis,
 

 318 N.C. at 376
 
 ,
 
 348 S.E.2d at 781
 
 . In that case the defendant argued that he should be able to question the victim about instances of rape committed by another person to prove that physical findings described by the physician who examined the victim were the result of those acts committed by the other person.
 
 Id
 
 . As noted above, the Court held that "the evidence should have been admitted, as it would have provided an alternative explanation for the medical
 
 *408
 
 evidence presented by [the examining physician] and falls within exception (b)(2) of Rule 412."
 
 Id
 
 .
 

 In this case, by contrast, defendant offers no such alternative explanation or specific act to prove that any sexual act committed was by someone other than him. Rather, defendant offers evidence of Betty's STD, and the nonexistence of an STD for himself, to raise speculation and insinuate that Betty must have been sexually active with someone else. Therefore, we find that the presence of an STD is not relevant under Rule 412(b)(2) and was properly excluded from the evidence admitted at trial. Without evidence of Betty's STD, the fact that defendant does not have an STD is irrelevant The evidence defendant seeks to admit is the very type of evidence Rule 412 was designed to keep from the jury's consideration.
 

 III.
 
 Conclusion
 

 For the reasons discussed above, we hold the trial court did not err in excluding the STD evidence from the evidence admitted at trial.
 

 NO ERROR.
 

 Judge DIETZ concurs.
 

 Judge HUNTER, Jr., concurs in result only by separate opinion.
 

 HUNTER, JR., Robert N., Judge, concurs in the result only by separate opinion.
 

 Although I concur in the result reached by the majority, I write separately to emphasize evidence regarding sexually transmitted diseases ("STD") is not a class of evidence unto itself that should be included wholesale under North Carolina Rule of Evidence 412.
 

 The majority holds "the presence of an STD ... denotes sexual behavior because an STD is commonly associated with sexual activity, sexual intercourse, and is accompanied with the same type of stigma that Rule 412 was designed to prohibit." While STDs are commonly transmitted by sexual activity, it is well established that these diseases may be contracted from non-sexual contact, such as from mother to child during childbirth or from blood transfusions.
 
 [2]
 

 *409
 
 Consequently, I would not require all defendants seeking to introduce evidence related to an STD to satisfy the strictures of Rule 412(b). Rather, if the defendant can offer specific, relevant medical evidence that presumptively exculpates him from the crime, and does not necessarily speak to the past sexual behavior of the victim, such evidence should be admissible regardless of whether it fits within one of the exceptions to Rule 412.
 

 [1]
 

 This pseudonym is used throughout the opinion to protect the identity of the minor child.
 

 [2]
 

 World Health Organization, Sexually Transmitted Infections: Fact Sheet (2014), http://www.who.int/iris/handle/10665/112323