IN THE SUPREME COURT OF NORTH CAROLINA

No. 126PA17

Filed 6 April 2018

STATE OF NORTH CAROLINA

v.

JOHN OWEN JACOBS

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 798 S.E.2d 532 (2017), finding no error after appeal from a judgment entered on 28 July 2015 by Judge Reuben F. Young in Superior Court, Bladen County.  Heard in the Supreme Court on 10 January 2018.

*Joshua H. Stein, Attorney General, by Elizabeth J. Weese, Assistant Attorney General, for the State.*

*Paul F. Herzog for defendant-appellant.*

*Anne Bleyman and North Carolina Prisoner Legal Services, Inc., by Christopher J. Heaney, for North Carolina Advocates for Justice, amicus curiae.*

JACKSON, Justice.

In this case we consider whether the exception outlined in North Carolina Rule of Evidence 412(b)(2) applies to evidence of the complainant's history of sexually transmitted diseases (STDs) such that the trial court erred in excluding that evidence pursuant to Rule 412 when other evidence showed that defendant was not infected with those STDs.  Because we conclude that the relevant evidence in defendant's offer of proof fell within the Rule 412(b)(2) exception, we reverse the decision of the Court

of Appeals holding that the trial court did not err in excluding the STD evidence and remand this case for a new trial.

On 6 May 2013, complainant "Betty"[1] was taken to the hospital after reporting that defendant, her father, had been having sexual relations with her. As part of her examination, she was tested for STDs. The test results revealed that Betty had contracted Trichomonas vaginalis and the Herpes simplex virus, Type II. On that same day, defendant was arrested for first-degree rape of a child and first-degree sex offense with a child. Three days after defendant's arrest, pursuant to a search warrant, defendant was tested for STDs and the test results showed no evidence of either Trichomonas or the Herpes simplex virus, Type II.

Prior to trial, the State filed multiple motions *in limine* asserting that no Rule 412 exceptions applied to evidence related to STDs in this case and that, as a result, the trial court should prohibit the defense from mentioning such evidence during the trial. Subsequently, defendant filed a notice of intent to call an expert witness, Keith Ramsey, M.D. of the East Carolina University School of Medicine, to testify that Betty had STDs that were not present in defendant and to testify as to the implications of this information. After hearing arguments on the State's Rule 412 motions at the

---

[1] The pseudonym "Betty" is used throughout this opinion to protect the identity of the minor child.

beginning of the July 2015 trial, the trial court concluded that defendant could not introduce any STD evidence unless the State "open[ed] the door" to such evidence.[2]

At trial, Betty testified that defendant had been having sexual relations with her over a period of several years beginning with an incident in 2011, when Betty was eight or nine years old. Betty described the first incident with some particularity. During her testimony Betty also described three specific instances in which defendant engaged in sexual acts with her in 2013, when Betty was eleven years old. First, Betty testified that on 5 May 2013, after she had showered, eaten, and gone to bed, she woke up to defendant's pulling the bed covers off of her. She testified that defendant then pulled her shorts down and had sex with her. Betty also recounted that the week before the previous incident, defendant had sex with her in the kitchen of their home. This incident occurred while her mother was at work and her younger brother was outside the home. Finally, Betty testified that defendant had sex with her on 25 April 2013 in her bedroom. She noted that she remembered the date because defendant had picked her up early from school after she had been disciplined for kicking another student. On cross-examination, Betty indicated that defendant had sex with her approximately twice per week for about three years. Over the course of subsequent days, both the State and defense called several other witnesses, and

---

[2] The trial judge stated that the parties might need to address the possibility of introducing the STD evidence prior to the first witness' taking the stand. The transcript reveals that there was a bench conference off the record before Betty took the stand, but there is no indication in the record as to what was discussed during this bench conference.

defendant even testified on his own behalf. Of particular relevance to our decision

here, during defendant's case-in-chief, defense counsel submitted to the trial court an

offer of proof pursuant to Rule 412 that contained, *inter alia*, the "Medical Expert

Report" prepared by Dr. Ramsey to preview his potential testimony regarding the

implications of the STD evidence. After considering the offer of proof, the trial court

reaffirmed its earlier decision that evidence regarding Betty's STDs must be excluded

from trial for violating the Rape Shield Law.

On 28 July 2015, a jury returned a verdict finding defendant guilty of first-

degree sex offense with a child. The jury deadlocked on the remaining rape charges.

For the conviction of first-degree sex offense with a child, the trial court imposed a

sentence of 420 to 564 months of imprisonment. After sentencing, defendant gave

oral notice of appeal.

Regarding the issue of the STD evidence, defendant argued before the Court of

Appeals that the trial court erred by excluding the evidence because its inclusion

would have made sexual contact between Betty and defendant less likely, thereby

qualifying for the Rule 412(b)(2) exception. The Court of Appeals majority disagreed

and instead concluded that the STD evidence was properly excluded from trial

because that exception was not applicable here. *State v. Jacobs*, ___ N.C. App. ___,

___, 798 S.E.2d 532, 536 (2017). In reaching this conclusion, the Court of Appeals

majority noted defendant's reliance on this Court's application of the Rule 412(b)(2)

exception in *State v. Ollis* but distinguished *Ollis* from the present case on the basis that defendant here "offer[ed] no such alternative explanation or specific act to prove that any sexual act committed was by someone other than him." *Id.* at ___, 798 S.E.2d at 536 (citing *Ollis*, 318 N.C. 370, 376, 348 S.E.2d 777, 781 (1986)). Based upon this distinction, the Court of Appeals then reasoned that defendant offered the STD evidence "to raise speculation and insinuate that Betty must have been sexually active with someone else." *Id.* at ___, 798 S.E.2d at 536. On appeal, defendant also argued that the trial court's decision to exclude the STD evidence violated his constitutional right to present a defense. The Court of Appeals declined to reach the substance of this argument after determining that defendant had not raised this issue at trial and therefore had waived it. *Id.* at ___, 798 S.E.2d at 534.

Judge Robert N. Hunter, Jr. concurred in the result only. He wrote separately to emphasize that STD evidence should not "be included wholesale" within the coverage of Rule 412. *Id.* at ___, 798 S.E.2d at 536 (Hunter, Jr., J. concurring in result only). Nonetheless, he further explained that if a defendant can offer relevant and exculpatory medical evidence that "does not necessarily speak to the past sexual behavior of the victim, such evidence should be admissible regardless of whether it fits within" a Rule 412 exception. *Id.* at ___, 798 S.E.2d at 536.

On appeal to this Court, defendant reiterates his argument that the trial court misinterpreted Rule 412(b)(2) in excluding the proffered STD evidence. Defendant

specifically asserts that the medical evidence that was to be presented by Dr. Ramsey was within the exception set forth in Rule 412(b)(2).  We agree.  Because this disposes of the case in defendant's favor, we do not address whether he preserved the constitutional question below.

As stated by this Court, "[t]he Rape Shield Statute provides that 'the sexual behavior of the complainant is irrelevant to any issue in the prosecution' except in four very narrow situations."  *State v. Herring*, 322 N.C. 733, 743, 370 S.E.2d 363, 370 (1988) (quoting N.C.G.S. § 8C-1, Rule 412 (1986)).  "Sexual behavior" is statutorily defined as "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial."  N.C.G.S. § 8C-1, Rule 412(a) (2017).  The narrow exception defendant relies upon in this case depends on whether the evidence at issue was "evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant."  *Id.* § 8C-1, Rule 412(b)(2) (2017).  Generally, Rule 412 "stands for the realization that prior sexual conduct by a witness, *absent some factor which ties it to the specific act which is the subject of the trial*, is irrelevant due to its low probative value and high prejudicial effect."  *State v. Younger*, 306 N.C. 692, 698, 295 S.E.2d 453, 456 (1982) (emphasis added).[3]

---

[3] *Younger* was decided pursuant to N.C.G.S. § 8-58.6, which was the predecessor statute to Rule 412.  Notwithstanding differences in wording, the exceptions set forth in section 8-58.6 are substantively the same as those contained in the current version of Rule 412.

"Before any questions pertaining to [evidence of sexual behavior] are asked of any witness, the proponent of such evidence shall first apply to the court for a determination of the relevance of the sexual behavior to which it relates." N.C.G.S. § 8C-1, Rule 412(d) (2017). Then the court must conduct a transcribed *in camera* hearing "to determine the extent to which such behavior is relevant." *Id.* If the court determines that the proffered evidence is relevant, "it shall enter an order stating that the evidence may be admitted and the nature of the questions which will be permitted." *Id.*

Here defendant both submitted the necessary offer of proof and argued that the evidence fell within the exception stated in Rule 412(b)(2) because the evidence was "evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant." N.C.G.S. § 8C-1, Rule 412(b)(2). Defendant's proffered evidence included the results of STD panels administered to both Betty and defendant, as well as a report from a proposed expert witness. Defendant's proposed expert, Dr. Ramsey, is a certified specialist in infectious diseases. The medical expert report Dr. Ramsey prepared for this case included the following observations regarding the implications of the STD test results with respect to the likelihood of defendant's guilt:

> Based upon my review of the medical records, [Betty] had a Trichomonas infection at the time of exam on 5/6/2013, and has been infected with *Herpes simplex*[.] If the latter is due to HSV-2, neither the Trichomonas nor the *Herpes simplex* would have been acquired as non-sexually

> transmitted diseases[.] [Defendant] had a negative KOH Wet Prep test for Trichomonas, and a negative culture for *Herpes simplex* on 5/9/2013, indicating that he had no evidence of either infection[.] Based upon the results of these tests, it is in my expert opinion that it is not likely that the plaintiff and defendant engaged in unprotected sexual activity over a long period of time without transmitting either the Trichomonas, the *Herpes simplex* infection, or both, to the defendant.

Based on the materials presented in defendant's offer of proof, the STD evidence was an essential part of the proposed expert testimony. The proposed expert's conclusions regarding the presence of STDs in the victim and the absence of those same STDs in defendant affirmatively permit an inference that defendant did not commit the charged crime. Furthermore, such evidence diminishes the likelihood of a three-year period of sexual relations between defendant and Betty. Therefore, the trial court erred in excluding this evidence pursuant to Rule 412 and there is "a reasonable possibility that, had the error not been committed, a different result would have been reached at trial." *State v. Webster*, 324 N.C. 385, 393, 378 S.E.2d 748, 753 (1989) (citing N.C.G.S. § 15A-1443 (1988)).

The State's primary argument on appeal is that defendant offered this evidence for inappropriate purposes because "[t]he speculative nature of defendant's evidence reduces it to nothing more than a naked inference of sexual activity," serving to unnecessarily humiliate and embarrass the victim. This characterization is based neither on defendant's stated reason for offering the evidence nor the evidence in defendant's offer of proof. The purpose of this evidence appears to be precisely what

defendant stated it to be: to support his claim that he did not commit the criminal acts for which he was charged. That purpose aligns completely with the exception carved out in Rule 412(b)(2).

Next, given the references to our prior decision in *State v. Ollis* by the Court of Appeals and by both parties throughout the history of this case, we observe that our decision in that case does not determine the outcome here. In *Ollis* this Court reasoned that evidence of specific prior sexual acts should be admitted because the evidence offered an alternative explanation for medical evidence presented by the State that could otherwise be misleading to the jury and therefore fell within the exception to the general prohibition against the admission of evidence concerning other sexual activity involving the victim set out in Rule 412(b)(2). *See Ollis*, 318 N.C. at 377, 348 S.E.2d at 781-82 (noting that the witness "made reference in her testimony on at least two occasions to multiple rapes of the victim, which in the absence of evidence that they were committed by some other male, the jury clearly would infer were acts committed by the defendant"). Although *Ollis* does describe one set of circumstances in which the Rule 412(b)(2) exception applies, that decision does not describe the only set of circumstances in which this exception applies. In the instant case defendant offers medical evidence that directly supports an inference "that the act or acts charged were not committed by the defendant." N.C.G.S. § 8C-1, Rule 412(b)(2). Defendant's proffered evidence falls within the text of the Rule

412(b)(2) exception without directly implicating this Court's specific reasoning in *Ollis.*

The record shows that the trial court excluded defendant's evidence solely based on Rule 412. The exception set forth in Rule 412(b)(2) exists to limit the blanket exclusion of evidence related to sexual behavior pursuant to Rule 412. Because we hold that defendant's offer of proof indicated that the STD evidence in this case fell within the Rule 412(b)(2) exception, we conclude that the Court of Appeals erred by holding that there was no error in the trial court's exclusion of the evidence. For the foregoing reasons, we reverse the decision of the Court of Appeals and remand this case to that court with instructions to vacate defendant's conviction for first-degree sex offense with a child and to further remand this case to Superior Court, Bladen County for a new trial.

REVERSED AND REMANDED; NEW TRIAL.

Justice MORGAN dissenting.

Based upon application of the rudimentary principles of statutory construction, I respectfully disagree with the decision of my learned colleagues. In reaching the result in this case, the majority has devalued, and essentially ignored,

the operation of the descriptive word "specific" in its interpretation of North Carolina General Statutes Section 8C-1, Rule 412(b)(2) and this provision's usage in the present case.

"Statutory interpretation properly begins with an examination of the plain words of the statute." *Three Guys Real Estate v. Harnett County*, 345 N.C. 468, 472, 480 S.E.2d 681, 683 (1997) (quoting *Correll v. Div. of Soc. Servs.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992)). "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it plain and definite meaning . . . ." *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980) (first citing *State ex rel. Utils. Comm'n v. Edmisten*, 291. N.C. 451, 232 S.E.2d 184 (1977), and then citing *Peele v. Finch*, 284 N.C. 375, 200 S.E.2d 635 (1973)); *see also In re Tr. of Charnock*, 358 N.C. 523, 528, 597 S.E.2d 706, 709-10 (2004) (stating that "the Court looks first to the language of the statute and gives the words their ordinary and plain meaning" (citing *Frye Reg'l Med. Ctr., Inc. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999))).

Rule 412(b)(2) contains the following language:

> (b) Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:
>
> . . . .
>
>   (2) Is evidence of *specific* instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant . . . .

N.C.G.S. § 8C-1, Rule 412(b)(2) (2017) (emphasis added).

The majority here has determined that defendant's offer of proof at trial indicated that the Rule 412(b)(2) exception of the "Rape Shield Law" was properly invoked so as to justify the admission into evidence of the alleged victim's sexually transmitted diseases, or STDs. The majority expressly focused upon (1) the observations of defendant's proposed medical expert that the minor alleged victim had two different STDs at the time of her medical examination on 6 May 2013; neither of which "would have been acquired as non-sexually transmitted diseases," and that defendant "had no evidence of either infection" on 9 May 2013; and (2) the "expert opinion that it is not likely that the [complainant][1] and defendant engaged in unprotected sexual activity over a long period of time without transmitting either the Trichomonas, the *Herpes simplex* infection, or both, to the defendant." Based upon the presence of STDs in the alleged victim and the absence of the same STDs in defendant, the majority reasons that such evidence would afford defendant a permissible inference that he was not guilty and "diminishes the likelihood of a three-year period of sexual relations" between defendant and the alleged victim, to which she testified at trial. Therefore, the majority concludes in the instant case that "the relevant evidence in defendant's offer of proof fell within the Rule 412(b)(2) exception" and that defendant had correctly argued this point "because the evidence

---

[1] This reference is to the alleged victim, "Betty."

was 'evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant,' " thus making the evidence admissible under that provision.

Nestled within the cited words of the opinion offered by defendant's proposed medical expert was his observation that the alleged victim would not have contracted the identified STDs in any non-sexual manner. This conclusion obviously conveyed that the alleged victim had engaged in "sexual behavior" as that term is used in Rule 412, which therefore activates this Rape Shield Law's dictate that "the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless" one of the exceptions under Rule 412(b) applies so as to permit such proscribed evidence to be admitted at trial. Although the majority views the observations of defendant's proposed medical expert as satisfying the exception embodied in Rule 412(b)(2), there is no "evidence of *specific* instances of sexual behavior offered" by defendant through this offer of proof to "show[ ] that the . . . acts charged were not committed by him. N.C.G.S. § 8C-1, Rule 412(b)(2) (emphasis added). While the disputed evidence at issue tends to show at least one instance of sexual behavior in which the alleged victim engaged, as demonstrated by her acquisition of STDs, nonetheless, the proposed medical expert's opinion in particular, and defendant's offer of proof in general, are bereft of any "instances of sexual behavior" by the alleged victim that contain any specific details as required by the clear and plain language of Rule 412(b)(2). Indeed, in my view, defendant's offer of proof references no instance of

sexual behavior by the alleged victim for which he provided sufficient specificity, in light of the three-year time period placed in issue by the alleged victim's trial testimony, to qualify for the evidentiary exception under Rule 412 and hence to overcome the inherent protections afforded to a complainant by the Rape Shield Law.

Ironically, the majority demonstrates a recognition of exemplars of "specific instances" when it employs that statutory phrase to describe the details conveyed by the alleged victim when relating the sexual acts in which she claimed defendant engaged her. The alleged victim's narration of the sexual encounters to which she testified depicts a truer representation of the term "specific instances" in Rule 412(b)(2) than the generalities present in defendant's proffered STD evidence. While I would not require a defendant seeking to employ the "specific instances" exception to present a level of particularity approaching the alleged victim's list of vivid descriptions, an accused should nonetheless have to identify a time, place or circumstance in which a complainant was involved in "specific instances of sexual behavior" rather than merely complying with the majority's permissive substitution of a medical opinion referencing a diagnosis suggesting some instance of sexual behavior by the complainant. The majority unfortunately conflates the presence of the alleged victim's STDs, which could be the *result* of specific instances of her sexual behavior if any specific instances had been shown by defendant, with specific instances themselves.

"Since a legislative body is presumed not to have used superfluous words, our

courts must accord meaning, if possible, to every word in a statute." *N.C. Bd. of Exam'rs v. N.C. State Bd. of Educ.*, 122 N.C. App. 15, 21, 468 S.E.2d 826, 830 (1996) (citing 2A Norman Singer, *Sutherland Statutory Construction* § 47.37 (5th ed. 1992)), *aff'd per curiam in part and disc. rev. improvidently allowed*, 345 N.C. 493, 480 S.E.2d 50 (1997). In the case at bar, the majority has not applied this Court's well-established principles of statutory construction, especially with regard to the essential word "specific," that purposefully appears in N.C.G.S. § 8C-1, Rule 412(b)(2). For the reasons indicated, I would affirm the trial court's ruling that excluded the evidence of STDs pursuant to Rule 412 and affirm defendant's conviction, consistent with the outcome of this case in the Court of Appeals but based upon a different rationale.