JACKSON, Justice.
**662 In this case we consider whether the exception outlined in North Carolina Rule of Evidence 412(b)(2) applies to evidence of the complainant's history of sexually transmitted diseases (STDs) such that the trial court erred in excluding that evidence pursuant to Rule 412 when other evidence showed that defendant was not infected with those STDs. Because we conclude that the relevant evidence in defendant's offer of proof fell within the Rule 412(b)(2) exception, we reverse the decision of the Court of Appeals holding that the trial court did not err in excluding the STD evidence and remand this case for a new trial.
On 6 May 2013, complainant "Betty"[1] was taken to the hospital after reporting that defendant, her father, had been having sexual relations with her. As part of her examination, she was tested for STDs. The test results revealed that Betty had contracted Trichomonas vaginalis and the Herpes simplex virus, Type II. On that same day, defendant was arrested for first-degree rape of a child and first-degree sex offense with a child. Three days after defendant's arrest, pursuant to a search **663 warrant, defendant was tested for STDs and the test results showed no evidence of either Trichomonas or the Herpes simplex virus, Type II.
Prior to trial, the State filed multiple motions in limine asserting that no Rule 412 exceptions applied to evidence related to STDs in this case and that, as a result, the trial court should prohibit the defense from mentioning such evidence during the trial. Subsequently, defendant filed a notice of intent to call an expert witness, Keith Ramsey, M.D. of the East Carolina University School of Medicine, to testify that Betty had STDs that were not present in defendant and to testify as to the implications of this information. After hearing arguments on the State's Rule 412 motions at the beginning of the July 2015 trial, the trial court concluded that defendant could not introduce any STD evidence unless the State "open[ed] the door" to such evidence.[2]
At trial, Betty testified that defendant had been having sexual relations with her over a period of several years beginning with an incident in 2011, when Betty was eight or nine years old. Betty described the first incident with some particularity. During her testimony Betty also described three specific instances in which defendant engaged in sexual acts with her in 2013, when Betty was eleven years old. First, Betty testified that on 5 May 2013, after she had showered, eaten, and gone to bed, she woke up to defendant's pulling the bed covers off of her. She testified that defendant then pulled her shorts down and had sex with her. Betty also recounted that the week before the previous incident, defendant had sex with her in the kitchen of their home. This incident occurred while her mother was at work and her younger *581 brother was outside the home. Finally, Betty testified that defendant had sex with her on 25 April 2013 in her bedroom. She noted that she remembered the date because defendant had picked her up early from school after she had been disciplined for kicking another student. On cross-examination, Betty indicated that defendant had sex with her approximately twice per week for about three years. Over the course of subsequent days, both the State and defense called several other witnesses, and defendant even testified on his own behalf. Of particular relevance to our decision here, during defendant's case-in-chief, defense counsel submitted to the trial court an offer of proof pursuant to Rule 412 that contained, inter alia , the "Medical Expert Report" prepared by Dr. Ramsey to preview **664 his potential testimony regarding the implications of the STD evidence. After considering the offer of proof, the trial court reaffirmed its earlier decision that evidence regarding Betty's STDs must be excluded from trial for violating the Rape Shield Law.
On 28 July 2015, a jury returned a verdict finding defendant guilty of first-degree sex offense with a child. The jury deadlocked on the remaining rape charges. For the conviction of first-degree sex offense with a child, the trial court imposed a sentence of 420 to 564 months of imprisonment. After sentencing, defendant gave oral notice of appeal.
Regarding the issue of the STD evidence, defendant argued before the Court of Appeals that the trial court erred by excluding the evidence because its inclusion would have made sexual contact between Betty and defendant less likely, thereby qualifying for the Rule 412(b)(2) exception. The Court of Appeals majority disagreed and instead concluded that the STD evidence was properly excluded from trial because that exception was not applicable here. State v. Jacobs , --- N.C. App. ----, ----, 798 S.E.2d 532, 536 (2017). In reaching this conclusion, the Court of Appeals majority noted defendant's reliance on this Court's application of the Rule 412(b)(2) exception in State v. Ollis but distinguished Ollis from the present case on the basis that defendant here "offer[ed] no such alternative explanation or specific act to prove that any sexual act committed was by someone other than him." Id. at ----, 798 S.E.2d at 536 (citing Ollis , 318 N.C. 370, 376, 348 S.E.2d 777, 781 (1986) ). Based upon this distinction, the Court of Appeals then reasoned that defendant offered the STD evidence "to raise speculation and insinuate that Betty must have been sexually active with someone else." Id. at ----, 798 S.E.2d at 536. On appeal, defendant also argued that the trial court's decision to exclude the STD evidence violated his constitutional right to present a defense. The Court of Appeals declined to reach the substance of this argument after determining that defendant had not raised this issue at trial and therefore had waived it. Id. at ----, 798 S.E.2d at 534.
Judge Robert N. Hunter, Jr. concurred in the result only. He wrote separately to emphasize that STD evidence should not "be included wholesale" within the coverage of Rule 412. Id. at ----, 798 S.E.2d at 536 (Hunter, Jr., J. concurring in result only). Nonetheless, he further explained that if a defendant can offer relevant and exculpatory medical evidence that "does not necessarily speak to the past sexual behavior of the victim, such evidence should be admissible regardless of whether it fits within" a Rule 412 exception. Id. at ----, 798 S.E.2d at 536.
On appeal to this Court, defendant reiterates his argument that the trial court misinterpreted Rule 412(b)(2) in excluding the proffered STD
**665 evidence. Defendant specifically asserts that the medical evidence that was to be presented by Dr. Ramsey was within the exception set forth in Rule 412(b)(2). We agree. Because this disposes of the case in defendant's favor, we do not address whether he preserved the constitutional question below.
As stated by this Court, "[t]he Rape Shield Statute provides that 'the sexual behavior of the complainant is irrelevant to any issue in the prosecution' except in four very narrow situations." State v. Herring , 322 N.C. 733, 743, 370 S.E.2d 363, 370 (1988) (quoting N.C.G.S. § 8C-1, Rule 412 (1986) ). "Sexual behavior" is statutorily defined as "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial." N.C.G.S. § 8C-1, Rule 412(a)
*582 (2017). The narrow exception defendant relies upon in this case depends on whether the evidence at issue was "evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant." Id. § 8C-1, Rule 412(b)(2) (2017). Generally, Rule 412 "stands for the realization that prior sexual conduct by a witness, absent some factor which ties it to the specific act which is the subject of the trial , is irrelevant due to its low probative value and high prejudicial effect." State v. Younger , 306 N.C. 692, 698, 295 S.E.2d 453, 456 (1982) (emphasis added).[3]
"Before any questions pertaining to [evidence of sexual behavior] are asked of any witness, the proponent of such evidence shall first apply to the court for a determination of the relevance of the sexual behavior to which it relates." N.C.G.S. § 8C-1, Rule 412(d) (2017). Then the court must conduct a transcribed in camera hearing "to determine the extent to which such behavior is relevant." Id. If the court determines that the proffered evidence is relevant, "it shall enter an order stating that the evidence may be admitted and the nature of the questions which will be permitted." Id.
Here defendant both submitted the necessary offer of proof and argued that the evidence fell within the exception stated in Rule 412(b)(2) because the evidence was "evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant." N.C.G.S. § 8C-1, Rule 412(b)(2). Defendant's proffered evidence included the results of STD panels administered to both Betty and defendant, as well as a report from a proposed expert witness. Defendant's **666 proposed expert, Dr. Ramsey, is a certified specialist in infectious diseases. The medical expert report Dr. Ramsey prepared for this case included the following observations regarding the implications of the STD test results with respect to the likelihood of defendant's guilt:
Based upon my review of the medical records, [Betty] had a Trichomonas infection at the time of exam on 5/6/2013, and has been infected with Herpes simplex [.] If the latter is due to HSV-2, neither the Trichomonas nor the Herpes simplex would have been acquired as non-sexually transmitted diseases[.] [Defendant] had a negative KOH Wet Prep test for Trichomonas, and a negative culture for Herpes simplex on 5/9/2013, indicating that he had no evidence of either infection[.] Based upon the results of these tests, it is in my expert opinion that it is not likely that the plaintiff and defendant engaged in unprotected sexual activity over a long period of time without transmitting either the Trichomonas, the Herpes simplex infection, or both, to the defendant.
Based on the materials presented in defendant's offer of proof, the STD evidence was an essential part of the proposed expert testimony. The proposed expert's conclusions regarding the presence of STDs in the victim and the absence of those same STDs in defendant affirmatively permit an inference that defendant did not commit the charged crime. Furthermore, such evidence diminishes the likelihood of a three-year period of sexual relations between defendant and Betty. Therefore, the trial court erred in excluding this evidence pursuant to Rule 412 and there is "a reasonable possibility that, had the error not been committed, a different result would have been reached at trial." State v. Webster , 324 N.C. 385, 393, 378 S.E.2d 748, 753 (1989) (citing N.C.G.S. § 15A-1443 (1988) ).
The State's primary argument on appeal is that defendant offered this evidence for inappropriate purposes because "[t]he speculative nature of defendant's evidence reduces it to nothing more than a naked inference of sexual activity," serving to unnecessarily humiliate and embarrass the victim. This characterization is based neither on defendant's stated reason for offering the evidence nor the evidence in defendant's offer of proof. The purpose of this evidence appears to be precisely *583 what defendant stated it to be: to support his claim that he did not commit the criminal acts for which he was charged. That purpose aligns completely with the exception carved out in Rule 412(b)(2). **667 Next, given the references to our prior decision in State v. Ollis by the Court of Appeals and by both parties throughout the history of this case, we observe that our decision in that case does not determine the outcome here. In Ollis this Court reasoned that evidence of specific prior sexual acts should be admitted because the evidence offered an alternative explanation for medical evidence presented by the State that could otherwise be misleading to the jury and therefore fell within the exception to the general prohibition against the admission of evidence concerning other sexual activity involving the victim set out in Rule 412(b)(2). See Ollis , 318 N.C. at 377, 348 S.E.2d at 781-82 (noting that the witness "made reference in her testimony on at least two occasions to multiple rapes of the victim, which in the absence of evidence that they were committed by some other male, the jury clearly would infer were acts committed by the defendant"). Although Ollis does describe one set of circumstances in which the Rule 412(b)(2) exception applies, that decision does not describe the only set of circumstances in which this exception applies. In the instant case defendant offers medical evidence that directly supports an inference "that the act or acts charged were not committed by the defendant." N.C.G.S. § 8C-1, Rule 412(b)(2). Defendant's proffered evidence falls within the text of the Rule 412(b)(2) exception without directly implicating this Court's specific reasoning in Ollis .
The record shows that the trial court excluded defendant's evidence solely based on Rule 412. The exception set forth in Rule 412(b)(2) exists to limit the blanket exclusion of evidence related to sexual behavior pursuant to Rule 412. Because we hold that defendant's offer of proof indicated that the STD evidence in this case fell within the Rule 412(b)(2) exception, we conclude that the Court of Appeals erred by holding that there was no error in the trial court's exclusion of the evidence. For the foregoing reasons, we reverse the decision of the Court of Appeals and remand this case to that court with instructions to vacate defendant's conviction for first-degree sex offense with a child and to further remand this case to Superior Court, Bladen County for a new trial.
REVERSED AND REMANDED; NEW TRIAL.

The pseudonym "Betty" is used throughout this opinion to protect the identity of the minor child.

The trial judge stated that the parties might need to address the possibility of introducing the STD evidence prior to the first witness' taking the stand. The transcript reveals that there was a bench conference off the record before Betty took the stand, but there is no indication in the record as to what was discussed during this bench conference.

Younger was decided pursuant to N.C.G.S. § 8-58.6, which was the predecessor statute to Rule 412. Notwithstanding differences in wording, the exceptions set forth in section 8-58.6 are substantively the same as those contained in the current version of Rule 412.